(106 So. 175)
### RUSH v. McDONNELL et al.
(1 Div. 345.)

(Supreme Court of Alabama. Oct. 22, 1925. Rehearing Denied Nov. 19, 1925.)

**1. Automobiles ⬅=192(11) — Owner, intrusting automobile to one known to be incompetent, liable for resulting injuries.**

The owner of an automobile is liable for resulting injuries to third person, if he intrusts it to one who, to his knowledge, is so incompetent in handling it as to convert it into a dangerous instrumentality.

**2. Automobiles ⬅=238(3)—"Incompetence" as term in pleading sufficiently definite for imposition of liability.**

"Incompetence" comprehends various kinds of unfitness, but as a term in pleading it is sufficiently definite for the imposition of liability for knowingly intrusting automobile to incompetent person, and a pleader is not required to charge all of its elements.

**3. Automobiles ⬅=192(11)—Automobile driver owes both guest and stranger on highway duty to use due care.**

The driver of an automobile owes the same duty to a guest riding in his car that he owes to a stranger on the highway, the duty to use due

care not to injure him in operation of car, and, as regards proximate result, the one injury is as directly related to operation of the car by incompetent person to whom it is intrusted as is the other.

**4. Automobiles ⬅➡238(1)—Complaint held to state good cause of action against automobile owner for death due to automobile driven by owner's alleged incompetent minor.**

Complaint in action against defendant for death of plaintiff's son, resulting from injury received while riding in automobile driven by defendant's alleged incompetent minor son, with defendant's knowledge, *held* to state a good cause of action on common-law principles, and to state a case within Acts 1911, p. 634, § 22.

**5. Automobiles ⬅➡192(11) — Statute held to render one under 16 years conclusively incompetent to drive motor vehicle.**

Acts 1911, p. 634, § 22, prohibiting one under 16 years to drive a motor vehicle unless accompanied by adult, renders any person under 16 years conclusively incompetent to drive a motor vehicle, and renders any person allowing a minor under 16 to drive such vehicle guilty of negligence as matter of law.

### On Rehearing.

**6. Automobiles ⬅➡181(1)—Carrier's duty to licensee on train different from automobile owner's duty to invited guest.**

The principles of law declaratory of the carrier's duty to one on its train as mere licensee are not applicable to person riding in automobile as invited guest of owner, or of any one who is driving it on his own account.

**7. Automobiles ⬅➡192(11)—Incompetence of bailee driving automobile necessary factor of liability of owner.**

The injurious conduct of bailee of an automobile, resulting from his incompetence as a driver, is a necessary factor of owner's liability, without which wrongful bailment could not be said to be proximate cause of injuries.

**8. Statutes ⬅➡279—General domestic statutes judicially noticed and read into every pleading.**

In action for death of plaintiff's son while riding in automobile driven by defendant's 16 year old son, Acts 1911, p. 634, § 22, may be relied on, though not pleaded, as general domestic statutes, state and federal, are judicially known by courts and are read into every pleading.

**9. Statutes ⬅➡118(1) — Titular provisions of act held not referable to provisions of one of sections.**

The caption of Acts 1911, p. 634, providing for "fixing liability for persons riding" in motor vehicles, is not referable to provisions of section 34 restricting such persons' right of recovery against others so as to exclude persons riding in vehicle from protection of section 22.

**10. Automobiles ⬅➡192(11) — Liability of automobile owner for injury resulting from incompetence of driver not affected by statute imputing driver's contributory negligence to occupant.**

Acts 1911, p. 634, § 34, imputing contributory negligence of driver of motor vehicle to the occupants thereof, *held* not to affect liability of owner of car for injury proximately resulting to person, in or out of car, from incompetence of driver to whom its operation has been intrusted.

**11. Automobiles ⬅➡192(11)—Minor driver of automobile required to be "accompanied" by adult person exercising jurisdiction over him.**

Acts 1911, p. 634, § 22, prohibiting minors under 16 years to operate motor vehicles unless "accompanied" by an adult person, means attended by an adult person exercising supervision over infant in respect to his operation of car.

[Ed. Note.—For other definitions, see Words and Phrases, Accompany.]

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Action by Arthur L. Rush against Thomas H. McDonnell and James Glennon McDonnell. Plaintiff takes a nonsuit, and appeals from adverse rulings on demurrer to the complaint. Reversed and remanded.

Count 3 of the complaint as amended is as follows:

"(3) The plaintiff, suing as the father of Arthur Eugene Rush, a minor under the age of 21 years, deceased, claims of the defendant Thomas Henry McDonnell the further sum of $50,000 damages for that heretofore, to wit, on the 31st day of March, 1923, the said defendant did own and possess an automobile which he did then loan to his minor son, James Glennon McDonnell, a youth under the age of 16 years, and did then negligently permit and allow the said James Glennon McDonnell to take and drive the same for his own personal pleasure and entertainment, and for the pleasure and entertainment of such other persons as he might invite and take into said automobile with him, unaccompanied by the said defendant, or any other adult person, although, as plaintiff avers, the said James Glennon McDonnell was wholly incompetent and unfit to drive said automobile, as was then well known to the said defendant; that on said day and on said occasion, after nightfall, the said James Glennon McDonnell, being so possessed of said automobile, and in sole control of its operation, did invite and take into said automobile, among other persons, all minors under the age of 21 years, the said Arthur Eugene Rush, a minor son of the plaintiff, under the age of 21 years, for a pleasure ride, and thereupon he did drive said automobile, with the said Arthur Eugene Rush and others therein, over certain streets in the city of Mobile and out a certain road leading outside the city of Mobile, known as the Cedar Point road, and returning from said Cedar Point road, along and over Broad street, a public and popu-

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

lous thoroughfare in the city and county of Mobile, and then and there the said James Glennon McDonnell did so carelessly, negligently, and improperly operate said automobile that it was caused to collide with another automobile then parked on the east side of Broad street, and was caused to be overturned, or partly overturned, and the plaintiff's said son, Arthur Eugene Rush, was thereby thrown from said automobile to the ground, or was pinioned underneath it, and was thereby injured and killed, all, as the plaintiff avers, as the proximate result of the said defendant's negligence and the concurring negligence and incompetency of the said James Glennon McDonnell, as aforesaid, to the damage of the plaintiff in the said sum of $50,000 as aforesaid, wherefore the plaintiff sues."

Amended count 4 is the same as count 3 except that it alleges that defendant's son "did willfully and wantonly injure and kill the plaintiff's said son, Arthur Eugene Rush, by willfully or wantonly operating said automobile, over said populous thoroughfare at a great, excessive, and reckless rate of speed," etc., and that plaintiff's son was injured and killed "as the proximate result of the negligence of the said defendant and the concurring willful or wanton acts of the said James Glennon McDonnell," etc.

The following grounds of demurrer were interposed to the amended third count:

"(1) The allegations of said count fail to state a cause of action against the defendant.

"(2) Because said complaint alleges no facts showing that this defendant owed any. duty to the deceased with regard to the matters complained of.

"(3) Because said complaint alleges no facts showing that this defendant was guilty of any breach of any duty owed by him to the deceased.

"(4) It is not alleged that Arthur Eugene Rush was a member of the family of Arthur L. Rush.

"(5) Because this defendant owed the deceased no duty not to lend his automobile to defendant's said son, James Glennon McDonnell.

"(6) Because under the facts alleged in said count the deceased occupied the position of a mere licensee in said automobile at the time of his said injury and death.

"(7) Because there are no facts alleged showing that the injury and death of the decedent was due to the alleged incompetency and unfitness of the said James Glennon McDonnell to drive said automobile.

"(8) Because there are no allegations in said count showing that this defendant, at the time that he loaned his automobile to his son, knew that his son intended or expected to invite the deceased, or any other person, to ride in said automobile with him.

"(9) It is not alleged that, at the time Thomas Henry McDonnell consented or permitted James Glennon McDonnell to use said automobile, the said Thomas Henry McDonnell knew that the said James Glennon McDonnell was wholly incompetent and unfit to drive the same.

"(10) It is not alleged that, at the time of the injury complained of, the said Thomas Henry McDonnell knew that the said James Glennon McDonnell was incompetent and wholly unfit to drive said automobile.

"(11) It is not alleged that Glennon McDonnell was either the agent, servant, or employee of Thomas Henry McDonnell and acting within the line and scope of his authority at the time of the accident.

"(12) It is not alleged that at the time of said injury that the said James Glennon McDonnell was then and there driving said automobile with the knowledge and consent of the said Thomas Henry McDonnell.

"(13) The allegations of said count, at best, merely show that this defendant, Thomas Henry McDonnell, had previously permitted the use of said car by James Glennon McDonnell.

"(14) It affirmatively appears from the allegations of the complaint that, so far as the liability of this defendant is concerned, the injury was proximately caused by the negligence of the deceased riding with a driver at a time when he knew the driver to be incompetent and wholly unfit to drive said automobile.

"(15) It affirmatively appears upon the face of said count that the alleged negligent, permissive use of said car by Thomas Henry McDonnell was not the proximate cause of said injury.

"(16) It is not alleged that any negligence on the part of Thomas Henry McDonnell proximately caused the injury complained of.

"(17) Because said count is inconsistent with and contradictory of itself in that it alleges both that the injury was due to the incompetency of the driver and that it was caused by the negligence of said driver. .

"(18) Because said count alleges no facts showing that the defendant owed any duty to the deceased not to allow the defendant son, James Glennon McDonnell, to operate said car.

"(19) It is not alleged that this defendant knew that the deceased contemplated riding in his car at the time of the accident.

"(20) It is not alleged that the defendant authorized his son to invite the deceased to ride in his car.

"(21) It is not alleged that the defendant intentionally or wantonly injured or caused to be injured the deceased.

"(22) It affirmatively appears upon the face of said count that the deceased assumed the risk of the carriage so far as this defendant is concerned.

"(23) It appears upon the face of said count that the deceased was an invitee of James Glennon McDonnell and was being carried in said automobile without the knowledge or consent of this defendant.

"(24) It is not shown by the allegations of said count that this defendant, in permitting or allowing his son to use said automobile, violated any duty running to the deceased or the plaintiff.

"(25) The allegations, at best; merely establish an error of judgment.

"(26) The defendant is not alleged to have been guilty of any wanton or willful act or omission, as distinguished from simple negligence, as would make him liable for the negligent operation by his son of said automobile, resulting in the injury complained of.

"(27) It is not alleged that said defendant wantonly or intentionally injured or caused to be injured the deceased.

214 ALA.—4

"(28) Because under the allegations of said count the plaintiff seeks to hold this defendant liable for the injury resulting from the negligent operation of an automobile by his son, whereby his son's guest was injured."

The foregoing grounds of demurrer were interposed to the amended fourth count, and in addition thereto the following grounds:

"(1) Because said count shows that the injury and death of the deceased was not the proximate result of the incompetency of the said James Glennon McDonnell to drive said automobile.

"(2) Because said count shows that the injury and death of the deceased was due to the willfulness and wantonness of the said James Glennon McDonnell and not to his incompetency.

"(3) Because said count of complaint shows that the injury and death of the deceased was due to the negligence of the defendant James Glennon McDonnell, and not to his incompetency.

"(4) Because said complaint does not show any duty on the part of this defendant to the deceased to exercise reasonable care to prevent James Glennon McDonnell from driving his automobile.

"(5) Said count is contrary and inconsistent in that it alleges that the injury was caused by the defendant's negligent permissive use of the automobile, and in the same count it is alleged that James Glennon McDonnell did willfully or wantonly injure or kill the complainant's son.

"(6) It appears upon the face of said count that the injury was proximately caused by the willful and wanton or intentional act of James Glennon McDonnell.

"(7) Because, at best, this defendant is only charged with simple negligence in allowing his son to operate said automobile."

Stevens, McCorvey, McLeod, Goode & Turner, of Mobile, for appellant.

A father is liable for an injury sustained as the result of the negligent or willful operation of his automobile while its handling is intrusted by him to his minor son under the age of 16 years. Gardiner v. Solomon, 200 Ala. 115, 75 So. 621, L. R. A. 1917F, 380; McGeever v. O'Byrne, 203 Ala. 266, 82 So. 508; Perkins v. Galloway, 194 Ala. 265, 69 So. 875, L. R. A. 1916E, 1190; L. & N. v. Abernathy, 197 Ala. 519, 73 So. 103; Acts 1911, pp. 643, 644.

Gaillard, Mahorner & Arnold and Gregory L. Smith, all of Mobile, for appellees.

Section 22 of the Act of 1911 (page 643) is not applicable to a private automobile owner licensing another to operate the automobile for the pleasure of the licensee; but is only applicable to the owner of an automobile for hire. Venturini v. Carlin, 17 Ala. App. 478, 86 So. 156. Said section is manifestly designed for the protection of the public generally, and is not for the protection of guests of a minor driving for his own pleasure. Watts v. Montgomery Tr. Co., 175 Ala. 106, 57 So. 471; L. & N. v. Murphree, 129 Ala. 432, 29 So. 592; C. of G. v. Sturgis, 149 Ala. 573, 43 So.

96; Reynolds v. Woodward Ir. Co., 199 Ala. 231, 74 So. 360; L. & N. v. Sullivan, 138 Ala. 379, 35 So. 327. Mere violation of a statutory duty amounts to but simple negligence; to constitute willful or wanton misconduct there must be actual knowledge, or its equivalent, of the peril of the person injured, and conscious failure to act to avert injury. Smith v. C. of G., 165 Ala. 407, 51 So. 792. The relation, if any, between defendant and deceased, was that of licensee to his host. Crider v. Yolande C. & C. Co., 206 Ala. 71, 89 So. 285; Lawrence v. Karl Lbr. Co., 171 Ala. 306, 55 So. 111.

SOMERVILLE, J. [1] In Parker v. Wilson, 179 Ala. 361, 370, 60 So. 150, 153, 43 L. R. A. (N. S.) 87, we said:

"Automobiles are not to be classed with such highly dangerous agencies as dynamite or savage animals. They are not dangerous per se. Prudently driven they are safer than the horse-drawn vehicle. But the special training needed for their operation, though simple and easily acquired, as well as the temptation to speed which they constantly present, should impose upon owners a special degree of care in the selection of experienced and judgmatic drivers for them. No doubt liability will arise where the owner intrusts a machine of such dangerous potentialities to the hands of an inexperienced or incompetent person, whether child or servant. In the case of a mere permissive use, the liability of the owner would rest, not alone upon the fact of ownership, but upon the combined negligence of the owner and the driver, negligence of the one in intrusting the machine to an incompetent driver, of the other in its operation."

This principle was specifically applied by us in the later case of Gardiner v. Solomon, 200 Ala. 115, 75 So. 621, L. R. A. 1917F, 380, where it was said, per Anderson, C. J.:

"While automobiles are not inherently regarded as dangerous instrumentalities, and the owner thereof is not responsible for the negligent use of same, except upon the theory of the doctrine of respondeat superior, yet there is an exception if he intrusts it to one, though not an agent or servant, who is so incompetent as to the handling of same as to convert it into a dangerous instrumentality, and the incompetency is known to the owner when permitting the use of the vehicle."

See, also, Beville v. Taylor, 202 Ala. 305, 80 So. 370, where the principle was fully approved. Recent cases in point are Hopkins v. Droppers, 184 Wis. 400, 198 N. W. 738, 36 A. L. R. 1156; Elliott v. Harding, 107 Ohio St. 501, 140 N. E. 338, 36 A. L. R. 1128, fully annotated. See, also, Huddy on Automobiles (7th Ed.) 345, § 358.

Liability in such cases depends, on common-law principles, upon the ownership of the automobile, the incompetence of the bailee to whom its operation is intrusted to operate it properly and safely, the owner's timely knowledge of such incompetence, and

injury to a third person resulting proximately from the incompetence of the bailee.

"Youth may be a controlling factor in determining competency, depending upon the character of the work to be done and the experience of the individual. * * * But incompetence is not confined to downright inability to perform the allotted service. It goes to reliability in all that is essential to make up a reasonably safe person, considering the nature of the work, and the general safety of those who are required to associate with such person in the general employment [or, as in this connection, those who will be in the line of danger from the operations with which the person is intrusted]." 18 R. C. L. 726, § 204.

[2] "Incompetence" comprehends various kinds of unfitness, but as a term in pleading it is sufficiently definite for the imposition of the liability charged. Though in a sense it states a conclusion of fact—a collective fact, as it is called—the pleader is not required to charge all of its elements, nor any of its specific phases, and a complaint so charging is not, as to that, subject to any ground of demurrer. First National Bank v. Chandler, 144 Ala. 286, 39 So. 822, 113 Am. St. Rep. 39; Penn. Coal Co. v. Bowen, 159 Ala. 165, 49 So. 305.

[3] A distinction is sought to be drawn by defendant between an injury to a person who is in the automobile as a guest of the incompetent driver, and an injury to any outside person. We are unable to find any sound basis for such a distinction. The driver of an automobile owes the same duty to a guest riding in his car that he owes to a stranger on the highway, the duty to use due care not to do him an injury in the operation of the car. Perkins v. Galloway, 194 Ala. 265, 69 So. 875, L. R. A. 1916E, 1190; McGeever v. O'Byrne, 203 Ala. 266, 82 So. 508. And, so far as proximate result is concerned, the one injury is as much to be anticipated, and is as directly related to the incompetent operation of the car, as is the other.

The case of Hopkins v. Droppers, 184 Wis. 400, 198 N. W. 738, 36 A. L. R. 1156, declared the liability of a father who gave a motorcycle to a 15 year old boy, the boy being incompetent to drive it properly, who took a child to ride on it, and while so doing injured him.

[4] Of course, in all such cases the question of contributory negligence may arise upon proper pleadings, when the injured guest was a person of discretion and accountable for his want of due care. Upon the considerations stated, we hold that the complaint stated a good cause of action on common-law principles, and was not subject to any of the grounds of demurrer interposed.

[5] Section 22 of the Act of 1911 (Gen. Acts 1911, §§ 634, 643) provides:

"No person either the owner, chauffeur, or other authorized driver of any motor vehicle, shall operate any such vehicle upon the public highways of this state who is under the age of sixteen years, unless accompanied by an adult person and any person allowing any such vehicle to be operated by any person under the age of sixteen years unless accompanied by such adult shall be punished by a fine not exceeding one hundred ($100.00) dollars."

The effect of this statute is to render any person under 16 years of age conclusively incompetent to drive a motor vehicle, and to render any person who allows a minor under 16 to drive such vehicle guilty of negligence as a matter of law. Hopkins v. Droppers, supra; Watts v. Montgomery Traction Co., 175 Ala. 102, 57 So. 471. It does not change the theory of liability, nor the rights of parties, but may simplify the allegations of the complaint, and supplies the necessary proof of the incompetence of the driver bailee, and of the negligence of the bailor. The complaint herein, by appropriate averment, states a case within the statute.

We have discussed the case upon the merits of count 3 of the complaint. Count 4 is very clearly not sufficient as a wanton count, and could not have been intended as such, since it charges but simple negligence as to the father defendant. As a count for simple negligence it is substantially like count 3, and is not subject to any of the grounds of demurrer assigned.

The trial court erred in sustaining the demurrers to either count, and the judgment will be reversed, and the cause remanded for further proceedings in accordance herewith.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.

### On Rehearing.

SOMERVILLE, J. [6] The principles of law declaratory of a carrier's duty to one who is on its train as a mere licensee (as in McCauley v. T. C. I. Co., 93 Ala. 356, 9 So. 611; Lawrence v. Kaul Lbr. Co., 171 Ala. 310, 55 So. 311; and Crider v. Yolande C. & C. Co., 206 Ala. 71, 89 So. 285), and in analogous cases, are not applicable to a person riding in an automobile or other vehicle as the invited guest of the owner, or of any one who is driving it on his own account. In the cases above referred to, the injured plaintiff was not an invited guest of the defendant, and the defendant's liability was predicated wholly upon the negligence of an agent who, without his principal's consent, permitted the plaintiff to ride as an accommodation to him. The duty of due care not to injure an invited guest in the latter case is of universal recognition, so far as we are advised. Perkins v. Galloway, supra; McGeever v. O'Byrne, supra.

[7] We are not confusing the liability of the driver of the car, or of his principal, for the negligent operation of the car, with the

liability of the owner or custodian of the car for intrusting its operation to an incompetent driver. The two phases of liability are separate and distinct, and in the latter case the liability is not based upon the doctrine of respondeat superior. Yet the injurious conduct of the bailee, resulting from his incompetency as a driver, is a necessary factor to the liability of the owner or custodian, without which the wrongful bailment could not be said to be the proximate cause of the injury. Hence any consideration of the owner's liability must involve also a consideration of the conduct of the bailee and of his legal culpability. Parker v. Wilson, 179 Ala. 361, 370, 60 So. 150, 43 L. R. A. (N. S.) 87.

[8] The suggestion that the Act of 1911, supra, cannot be applied to this case because it was not declared upon by the plaintiff in his complaint, is of course unsound. General domestic statutes, state and federal, are judicially known by the court, and are read into every pleading. Crawford v. Planters' etc., Bank; 6 Ala. 289; K. C., etc., R. Co. v. Flippo, 138. Ala. 487, 35 So. 457. There are no decisions to the contrary, though the rule is different when municipal ordinances are relied upon.

[9] The chief contention made by counsel for appellee is that the provision in question (section 22 of the Act of 1911 [Acts 1911, p. 634, 643]) was not enacted for the benefit of persons injured while riding in the car with the minor. This was the crucial question in the case, and it was duly considered on the original hearing. Several new arguments, based upon the title and contexts of the act, are now advanced in support of that contention, which are deserving of notice and response.

1. The act, according to its caption, provides generally for "registration, licensing, identification and regulation of motor vehicles operated upon the public highways of this state"; and our attention is called to a succeeding clause declaratory of the purpose of "fixing liability for persons riding therein." The argument is that this purpose was expressed in section 34 of the act, which provided that "the contributory negligence of the person operating or driving any motor vehicle in this state shall be imputed to every occupant of said motor vehicle at the time of such negligence in actions brought by such occupant or his personal representatives for the recovery of damages for death or personal injury whether the relation of principal and agent exists between such person operating or driving such motor vehicle and such occupant or not"; and that this provision, though it has been nullified as unconstitutional (Birmingham-Tuscaloosa Ry. & U. Co. v. Carpenter, 194 Ala. 141, 69 So. 626), is still useful and effective to show that it was not the legislative purpose to confer a right of action upon any person riding in an automobile for any injuries sustained by reason of a violation of any duty imposed by the act.

We do not think this provision can be accorded such a meaning. The titular provision for "fixing liability for persons riding therein" is certainly not referable to the provisions of section 34 for restricting such persons' right of recovery against others. The two things are entirely antithetical.

[10] But, conceding for the argument that section 34 is related to the titular provision quoted, we can still find no merit in the contention. Section 34 is very clearly intended to deny any right of recovery in favor of those riding in the car in those cases where, by reason of his own contributory negligence, the driver of the car cannot recover; and the very words of the section show unmistakably that it is applicable, and can only be applicable, to an action against some third person for injurious conduct affecting the car and its occupants. The contributory negligence of the driver imports, ex vi termini, a prior or contemporaneous negligence on the part of a third person charged with liability. Section 34 then can have no influence upon the question here at issue, the liability of the owner or custodian of the car for injury proximately resulting to any person, in or out of the car, from the incompetence of the driver to whom its operation has been intrusted.

[11] 2. It is contended that, since the act makes no distinction between adults and infants who may be injured while riding in the car, then, if its terms by necessary implication exclude adults from the class to whom the owner is liable, they must be held to be inapplicable to all persons of either class; and the argument is that there is such an implied exclusion because the owner's liability is prevented if the infant driver is "accompanied by an adult person." Counsel's view of this is that this condition to nonliability is met by the presence of any adult person who may happen to be riding in the car.

This argument is specious but manifestly unsound. "To accompany," according to the New Standard Dictionary, means "to go with, or be associated with, as a companion, an attendant, or a retinue; escort or convoy; also, to go or be sent with as an incidental or concomitant." Here, "accompanied by an adult person" undoubtedly means attended by an adult person having and exercising supervision over the infant in respect to his operation of the car. Indeed, the plain purpose and policy of the act forbid any other construction of the word.

We do not, upon full consideration, find any sufficient reason for changing our conclusions as expressed on the original hearing, and the application for rehearing will therefore be overruled.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.