(110 So. 387)

PASCHALL et al. v. SHARP.    (7 Div. 660.)

(Supreme Court of Alabama.    Oct. 28, 1926.
Rehearing Denied Nov. 26, 1926.)

1. Automobiles ⬳192(11)—One under 16 years of age is conclusively presumed incompetent to drive automobile (Gen. Acts 1911, p. 643, § 22).

Any·person under 16 years of age is conclusively presumed incompetent to drive automobile on public highway, in view of Gen. Acts 1911, p. 643, § 22.

2. Automobiles ⬳192(11)—Allowing minor, under 16 years of age, to operate automobile unaccompanied by adult, is negligence (Gen. Acts 1911, p. 643, § 22).

Any person who allows automobile to be operated by person under 16 years of age on public highway, unaccompanied by adult person, is guilty of negligence as matter of law, in view of Gen. Acts 1911, p. 643, § 22.

3. Automobiles ⬳238(3)—Count alleging parents' negligence in allowing child under 16 to drive automobile, and child's negligence causing injury, held to state cause of action.

Count that negligence of parents in allowing daughter, under 16 years of age, to drive automobile, unaccompanied by adult, combined with daughter's negligence in running car into buggy, caused plaintiff's injury, held to state cause of action.

4. Evidence ⬳547—Allowing doctor to testify as to X-ray picture, which he had seen but did not make, without having it before him, held not error (Supreme Court rule 45).

In personal injury action, testimony of doctor, who cared for plaintiff's injuries, as to X-ray picture which he had seen but did not make, without having it before him, held not error, where such testimony was not injurious to defendants nor contrary to undisputed evidence, and neither he nor plaintiff had custody of picture, in view of rule 45 of Supreme Court.

5. Automobiles ⬳245(33)—Whether minor had parents' permission to operate automobile causing injury held for jury.

In personal injury action against parents of 14 year old automobile driver, question whether driver had permission from defendants to operate .car at time of injury held for jury.

6. Autobomiles ⬳244(30)—Verdict against parents for injuries by minor automobile driver sustained.

In personal injury action against parents of 14 year old automobile driver, refusal of new trial on ground that verdict for plaintiff was contrary to great weight of evidence held not error.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Action by Frank M. Sharp against Alice D. Paschall and another. Judgment for plaintiff, and defendants appeal. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

Alto V. Lee and W. T. Murphree, both of Gadsden, for appellants.

The parent is not liable for the torts of his minor child. Parker v. Wilson, 179 Ala. 361, 60 So. 150, 43 L. R. A. (N. S.) 87; Armstrong v. Sellers, 182 Ala. 582, 62 So. 28. The fourth count is not sufficient, as upon the doctrine of respondeat superior, or upon violation of a criminal statute. Gardiner v. Solomon, 200 Ala. 115, 75 So. 621, L. R. A. 1917F, 380; Watts v. Montgomery Tr. Co., 175 Ala. 102, 57 So. 471. It was not permissible for the witness Faucett to testify as to what the X-ray photograph showed, without accounting for the photograph. Ala. F. & I. Co. v. Denson, 208 Ala. 337, 94 So. 311. Defendants should have had the affirmative charge. There is no evidence that the daughter was authorized to use the automobile·on the occasion. Parker v. Wilson, supra; Beville v. Taylor, 202 Ala. 305, 80 So. 370. The motion for new trial should have been granted. Price v. Hendricks, 207 Ala. 267, 92 So. 431.

Culli, Hunt & Culli, of Gadsden, for appellee.

Count 4 states a good cause of action. Rush v. McDonnell, 214 Ala. 47, 106 So. 175; Parker v. Wilson, 179 Ala. 369, 60 So. 150, 43 L. R. A. (N. S.) 87; Berry on Automobiles, § 289. Any person who allows a minor under 16 years of age to drive an automobile is guilty of negligence as matter of law. Hopkins v. Droppers, 184 Wis. 400, 198 N. W. 738, 36 A. L. R. 1156; Watts v. Montgomery Tr. Co., 175 Ala. 102, 57 So. 471. It is not necessary that the complaint declare upon the statute. Rush v. McDonnell, supra. The witness Faucett was competent to testify what the X-ray showed, without having the photograph present in court. Van House v. Canadian N. R. Co., 155 Minn. 57, 192 N. W. 493, 28 A. L. R. 359. It is only where there is no evidence to establish plaintiff's case that the court may direct a verdict for

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

defendant. B. & A. R. Co. v. Campbell, 203 Ala. 296, 82 So. 546; McMillan v. Aiken, 205 Ala. 35, 88 So. 139; Bowen v. Hamilton, 197 Ala. 418, 73 So. 5; Jones v. Bell, 201 Ala. 336, 77 So. 998.

MILLER, J. This is an action by Frank M. Sharp against Alice D. Paschall and T. E. Paschall, to recover damages for personal injuries received by him from a collision of an automobile with his buggy, on a public street in the city of Gadsden. The car was driven, at the time, by Sarah Paschall, daughter of the defendants, who was under 15 years of age. The buggy of plaintiff was demolished, his shoulder was dislocated, and he was otherwise bruised and permanently injured.

There were two counts in the complaint, numbered 1 and 4, that were submitted by the court to the jury. They returned a verdict in favor of the plaintiff, against the defendants, under count 4, and, from a judgment thereon by the court, the defendants prosecute this appeal and assign errors separately.

The court overruled demurrers of the defendants to count numbered 4. This count charges that on, to wit, 31st of December, 1923, Sarah Paschall, a minor under 16 years of age, unaccompanied by an adult person, was running an automobile on the public streets of Gadsden, and negligently ran the automobile upon the plaintiff's buggy, in which he was riding on the street, and injured him and destroyed his buggy, and that "at said time and place the said Sarah Paschall was operating said automobile, unaccompanied by an adult person by and with the authority and permission of defendants, who with knowledge that said Sarah Paschall was under the age of 16 years negligently allowed her to operate said automobile at said time and place, unaccompanied by an adult person, she being at the time a member of defendants' family. Plaintiff avers that he suffered all of said injuries and damage by reason of and as a proximate consequence of the said negligence of defendants, combined with the said negligence of the said Sarah Paschall, all to the plaintiff's damage in the sum aforesaid."

[1, 2] Any person under 16 years of age is conclusively presumed incompetent to drive an automobile on the public highways of Alabama; and any person who allows such a vehicle to be operated by a person, a minor, under 16 years of age, upon the public highways of this state, unaccompanied by an adult person, is guilty of negligence as a matter of law. Section 22 of Acts 1911 (Gen. Acts 1911, p. 643); Beville v. Taylor, 202 Ala. 305, 80 So. 370; Rush v. McDonnell, 214 Ala. 47, 106 So. 175, headnote 4, 5; section 6268, Code of 1923.

[3] This count charges that the negligence of the defendants in allowing their daughter, a minor, under 16 years of age, to drive this automobile upon this public highway, unaccompanied by an adult person, combined with their daughter's negligently running the automobile against or upon the buggy of plaintiff, in this street of the city of Gadsden, caused the injuries to him. This count states a good cause of action against the defendants, and the court did not err in overruling the demurrer to it. Rush v. McDonnell, 106 So. 175, 214 Ala. 47; Gardiner v. Solomon, 200 Ala. 115, 75 So. 621, L. R. A. 1917F, 380; Beville v. Taylor, 202 Ala. 305, 80 So. 370; Parker v. Wilson, 179 Ala. 369, 60 So. 150, 43 L. R. A. (N. S.) 87.

Sarah was born on June 13, 1909, and was about 14½ years of age at the time of the injury. It appears, from the evidence, that the mother of defendant directed her about dark on the 31st of December, 1923, to go and borrow some sugar. She got into this automobile, which belonged to her mother, went to town, and bought the sugar. The plaintiff was in his buggy driving on the right side of the street; Sarah was driving this automobile with no one therein with her, along the same street, in the same direction in which plaintiff was driving his horse in his buggy. It was near dark, and raining a little. Sarah ran the automobile into the rear of the buggy, broke it up, threw plaintiff out, and he was injured by his shoulder being dislocated and in other ways. Just before the collision, there was evidence that Sarah waved at some one passing on the sidewalk, and there was evidence to the contrary; and there was evidence that she did not see the buggy, or plaintiff, until the collision.

[4] An X-ray picture of the shoulder was taken by Dr. Douglass after the physician, Dr. Faucett, in charge of the plaintiff, had put the shoulder in proper position. This X-ray picture was not in court, and its absence was not accounted for. Dr. Faucett, who saw this X-ray picture, was permitted, over objections by the defendants, to testify in answer to this question:

"What condition did it (the X-ray picture) show with reference to the shoulder?"

He answered:

"The X-ray, as I remember, was made after the shoulder had been put in position and did not show any broken bones. There is always, in a dislocation of a shoulder joint, some little parts torn off in the pulling of the bones apart, but that is not considered any actual fracture or break of the bone; it is what we call the laceration or tearing of the small places in tearing the ligaments that hold the bones together."

The defendants moved to exclude the answer, on grounds it was secondary evidence and the best evidence was the X-ray picture itself, and that the evidence showed the picture was taken after the shoulder had been put in proper position. The court overruled

the motion. The witness, Dr. Faucett, did not make the X-ray. It was made by Dr. Douglass. It was not in the control of the witness. He was the physician in charge of the plaintiff's injuries. He had practiced medicine for 16 years, and had examined this X-ray picture and from his experience and observation of the shoulder and the X-ray picture, the court will not be placed in error for allowing him to answer the question, without having the X-ray picture before him and the jury, as the answer was not injurious to the defendants, and not contrary to the undisputed evidence in the case. And it does not appear that the witness or the plaintiff had custody and control of the picture. Rule 45 of this court; Van House v. Canadian N. R. Co., 155 Minn. 57, 192 N. W. 493, 28 A. L. R. page 357.

[5, 6] Each defendant separately requested the general affirmative charge, with hypothesis, in their favor, respectively, as to count 4. Each charge was refused by the court, and each defendant assigns and insists the court erred in refusing the charge, respectively requested by each of them, and each insists that the motion for a new trial, which was refused, should have been granted, because there was no evidence to support count 4.

The defendants insist there was no evidence showing, or tending to show that Sarah was operating the automobile, unaccompanied by an adult person, by and with the authority and permission of defendants. She resided with her parents. They knew her age. She was between 14 and 15 at the time. The evidence almost without dispute, showed she had been driving this automobile frequently on the public streets of the city of Gadsden, alone, prior to the injury, since she was 14 years of age. . There was evidence that she was seen several times driving this car with her mother and father, one or both, with her. This was denied by the father. The mother was sick and was not examined. The father is a traveling man, often away from home. He admits she had driven the car alone, without his or her mother's consent and she was reproved, reprimanded, and threatened with punishment if she did so again. The car was kept in the rear of their home. It was brought to the street by alley by the side of their home, within a few feet of the house, when it was used by Sarah or her mother or father.

Her parents, these defendants, knew she could drive this automobile. She had driven them. In afternoon late, before the injury, Sarah and her mother had been in the car; her mother was driving it. They returned home; the car was left in front of the house. She and her mother went into the house. Sarah testified, after they went into the house and after she got into the house, this occurred, according to her testimony:

"Her mother was saying something about not having any sugar, and she asked witness to go out and borrow some. Witness always liked to drive the car so well, and she never had driven it at night, and thought it would be fun to slip out in the car at night and it raining. She was going to get the sugar where they wasn't even trading. Witness got the sugar before she went home, and carried it back to her home. Her mother didn't know that she got the sugar in a store until after she got back."

She also testified:

"That her father and mother knew she could drive because she had driven them in the car."

From the evidence and the tendencies of it, stated in this opinion, and from other circumstances indicated by the testimony, we are persuaded it was a question for the jury to decide from the conflicting evidence and its reasonable tendencies, whether Sarah had authority and permission from either, or both, of the defendants, to operate this automobile at the time of the injury, and whether plaintiff, from the conflicting evidence, was entitled to recover. McMillan v. Aiken, 205 Ala. 35, headnotes 9, 11, 88 So. 135.

It results that we must and do hold the trial court did not err in refusing to give the two general affirmative charges mentioned above, and did not err in refusing to grant the motion for a new trial on the ground the verdict of the jury was contrary to the great weight of the evidence.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.