In this case one issue is whether, as a matter of law, a parent can be guilty of negligent entrustment of a motorcycle to his minor son when the parent had no legal title or interest in it and had not purchased it for the child nor contributed toward its purchase.
The other issue is whether the evidence authorizes a jury to find the parent guilty *Page 761 
of negligent failure to control, discipline or supervise the minor child when injury results to another as a proximate consequence of such negligence.
Theresa Niehaus, a seven year old girl, suffered severe brain and spinal cord injuries when she was struck by a motorcycle operated by Homer Land, Jr., who was barely seventeen years old at the time. Homer Land, Jr., had a long-established propensity for driving motorcycles in a reckless manner; had committed numerous traffic violations; had convictions for driving without a license and had no license to drive at the time of the accident. Land, Jr., lived with his parents who had knowledge of these things and had made repeated efforts, in various ways, to discipline him, all of which failed. He was in and out of professional centers that provided aid to problem children, and had been incarcerated in the Montgomery County Youth Facility. Land, Sr., could control him in some ways and employed his son on a part-time basis in his business; had the ability to take a motorcycle away from his son; knew his son had possession of the motorcycle involved in the accident, and knew the boy had operated it before the accident. There is evidence Land, Jr., operated the motorcycle on the street in front of his father's house in the days before the accident.
Theresa L. Niehaus, by her father and next friend Thomas A. Niehaus, filed this action against Homer D. Land, Sr., and Jr. The complaint contained four Counts:
"COUNT I
 "5. On or about and before the 14th day of December, 1974, the defendant, Homer D. Land, Sr., negligently entrusted a motorcycle to his minor child, Homer D. Land, Jr., knowing at the time that said Homer D. Land, Jr. was incompetent to drive a motorcycle and was likely to cause harm to others.
"COUNT II
 "6. On or about the 14th day of December, 1974, the defendant, Homer D. Land, Sr., knowing the habitual tendency of his minor child, Homer D. Land, Jr., to recklessly and wantonly drive a motorcycle, negligently failed to exercise proper discipline, control, and supervision over said child.
"COUNT III
 "7. On or about the 14th day of December, 1974, upon a public highway in Montgomery County, State of Alabama, to-wit: Johnstown Drive, the defendant, Homer D. Land, Jr., negligently caused or allowed a motorcycle to strike and collide with the person of Theresa L. Niehaus, a minor.
"COUNT IV
 "8. On or about the 14th day of December, 1974, upon a public highway in Montgomery County, State of Alabama, to-wit: Johnstown Drive, the defendant, Homer D. Land, Jr., wantonly caused or allowed a motorcycle to strike and collide with the person of Theresa L. Niehaus, a minor.
Defendants filed a 12 (b)(6) motion to dismiss, which was denied. Later, another was filed on the specific ground that Count II failed to state claims for relief which could be granted under the laws of Alabama. It was denied; then defendants filed a motion for summary judgment as to Count I on the ground that Land, Sr., was not the owner of the motorcycle which he allegedly negligently entrusted to his son, Land, Jr., that struck and injured Theresa Niehaus. Affidavit of Land, Sr., was offered in support and not controverted.
Next, the guardian ad litem for Land, Jr., moved that Land, Jr. be dismissed as a defendant or, in the alternative, the claim against him be severed from that against his father. This motion was grounded on the assertions that the claims did not arise from the same transaction or occurrence; did not involve common questions of law or fact; evidence to support the claim against Land, Sr., would not be admissible to support the claim against Land, Jr., and trial of the claims together would be prejudicial to rights of Land, Jr. The claims were severed and trial proceeded against Land, Sr. At the close of the evidence he moved for directed verdict as to Count I on the same grounds as he had previously moved that it *Page 762 
be dismissed and on the basis of which he sought summary judgment. He sought a directed verdict as to Count II on the same grounds previously asserted in motions to dismiss. A verdict for $120,000 damages was returned and judgment entered thereon. No motion for new trial was filed. This appeal is from the judgment.
Regarding Count I, defendant asserts that because he neither owned the motorcycle nor allowed it to be kept at his residence, this then, conclusively establishes his lack of control over the vehicle and thus eliminates any question of fact regarding that issue. He cites Gardiner v. Solomon,200 Ala. 115, 75 So. 621 (1917), and Pollard v. Pollard, 207 Ala. 270,92 So. 488 (1922), in support.
Gardiner involved suit against a parent, owner of an automobile, on the theory that her son was her agent, making her liable on a respondeat superior basis for his reckless driving. A verdict in favor of plaintiff was reversed on the grounds there was no evidence to establish agency. This court stated an exception to the rule of respondeat superior where the owner of a vehicle is responsible for its negligent use if he entrusts it to one who is so incompetent as to the handling of same as to convert it into a dangerous instrumentality and the owner has knowledge of the driver's incompetency. From this language appellant deduces that ownership of the vehicle is an indispensable element of the doctrine of negligent entrustment.
To buttress this argument appellant cites Pollard, supra, for the proposition that as a matter of law, a parent has no control over property owned by a minor child. In that case, the daughter, a minor, sued her mother in trespass for lending the daughter's wheelchair to another person. The court held that while the parent of a minor child may protect personal property which is independently owned by the child, the parent may nottortiously interfere with the property. The court based its reasoning, partially, on the common law rule that a natural guardian has no possession or control over her daughter's property. The Pollard case is clearly distinguishable on the facts.
To answer defendant's interpretation of Gardiner, ownership of a vehicle is not the only test under the negligent entrustment theory. In Shipp v. Davis, 25 Ala. App. 104,141 So. 366 (1932), a case similar to the present one, the Court of Appeals stated that "* * * a person who is not the owner and isnot in control of certain property is not liable for negligence in respect of such property." (emphasis added). In the face of conclusive evidence that the parent did not own the car, that court also emphasized the fact that the parent had neither control nor dominion over it, such fact releasing the parent from liability in the absence of an agency relationship.
There was evidence from which the jury could find that Land, Jr., was a reckless driver, that his father had actual knowledge of his incompetency as a driver and that his use of the machine was permissive. The very fact that Land, Sr., could require his son to keep the vehicle and ride it in an area other than close to his own home is evidence from which a jury could conclude that he had sufficient control over the vehicle and its use to find him liable for negligence in its use.
The issue, presented by Count II, of negligent failure to control or discipline his child also presents a question of fact for the jury. The evidence was controverted and there was substantial evidence from which the jury could reasonably reach its conclusion, as it did.
When proof in a negligence suit reveals a state of facts, whether controverted or not, from which different inferences and conclusions may be reasonably drawn, the resolution of the question is one for the jury. Horn v. Smith, 292 Ala. 503,296 So.2d 719 (1974). The jury's verdict will not be disturbed, not being plainly erroneous or manifestly unjust. Ford v.Washington, 288 Ala. 194, 259 So.2d 226 (1972).
AFFIRMED. *Page 763 
BLOODWORTH, JONES and SHORES, JJ., and SIMMONS, R.C.J. (Retired Circuit Judge, sitting by designation of the Chief Justice), concur.