374 So.2d 872 (1979)
Willis Eugene CHINICHE, a minor, etc.
v.
Walter G. SMITH et al.
78-419.
Supreme Court of Alabama.
September 7, 1979.
Mark B. Reed of McDermott, Slepian, Windom & Reed, Mobile, for appellants.
Robert E. McDonald, Jr., Mobile, for appellees.
FAULKNER, Justice.
This is an appeal from the grant of a summary judgment for defendants Walter G. Smith and Bonnie Smith made final by a determination and entry pursuant to Rule 54(b) of the Alabama Rules of Civil Procedure. We reverse.
*873 Willis Chiniche, a minor, suing by and through his mother and next friend, Leona Fratto, and Ms. Fratto individually filed suit in three counts for Chiniche's injuries sustained as a result of a motorcycle-automobile accident where he was a passenger on the motorcycle of Walter Gerald Smith. Count One, sounding in simple negligence, was brought against defendants Billy Gene Kimbrell, Jr. and Billy Gene Kimbrell, Sr. and is not involved in this appeal. Count Two, based on negligent entrustment, was brought against Walter G. Smith and Bonnie Smith for their conduct with regard to their grandson Walter Gerald Smith's operation of a motorcycle. Count Three, also against Walter G. Smith and Bonnie Smith, made substantially the same allegations as Count Two but based liability on the wantonness of the Smiths.
The Smiths filed motions for summary judgment supported by their affidavits. Mr. Smith's affidavit stated that his grandson had come to his house about two weeks prior to the accident to stay temporarily and that his grandson did not have the motorcycle when he arrived. He further stated that he did not know his grandson owned a motorcycle, that his grandson had the motorcycle without his knowledge or permission, and that he did not purchase the motorcycle, nor was his grandson under his custody or control at the time the motorcycle was purchased. Mrs. Smith's affidavit stated that she knew her grandson's mother had purchased the motorcycle for him but during the two weeks he was staying at her house the motorcycle was not at her residence until the night before the accident. She further stated at that time she instructed her grandson that the motorcycle was not to leave the yard and was not to be operated until his mother came for him. She also stated that her grandson left on the motorcycle the morning of the accident without her knowledge or permission and she did not see or hear him leave.
The plaintiffs submitted a brief in opposition to the motions for summary judgment which set forth certain portions of the depositions of Walter Gerald Smith, the grandson, taken on May 17, 1976 and November 11, 1977, tending to show that his grandparents did allow him to operate the motorcycle with their permission or acquiescence while he was within their custody or control, although they knew he did not have a license to operate the motorcycle.
The trial court entered an order granting Walter G. and Bonnie Smith's motions for summary judgment and dismissing the plaintiffs' causes of action with prejudice as to Walter G. and Bonnie Smith. Plaintiffs appealed and were twice dismissed for failure to properly comply with ARCP 54(b). A final judgment dismissing all of plaintiffs' claims against Walter G. Smith and Bonnie Smith was entered by the trial court on April 5, 1979. Plaintiffs assert on this appeal that sufficient evidence was presented to the trial court supporting their theory or theories of liability to defeat summary judgment.
To decide an appeal from a summary judgment this Court looks to the same factors the trial court initially considered in ruling on the motion. Tolbert v. Gulsby, 333 So.2d 129 (Ala.1976); Long v. Bankers Life & Casualty Co., 294 Ala. 67, 311 So.2d 328 (1975). ARCP 56(c) states that a summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." All reasonable inferences from the facts are to be viewed most favorably to the non-moving party and the moving party must establish that the other party could not recover under "any discernable circumstances." Folmar v. Montgomery Fair Co., Inc., 293 Ala. 686, 309 So.2d 818 (1975). The scintilla evidence rule requires that if there is even a scintilla of evidence presented to support the non-moving party's position the summary judgment may not be granted. Browning v. Birmingham News, 348 So.2d 455 (Ala.1977); Wilbanks v. Hartselle Hospital, 334 So.2d 870 (Ala.1976).
*874 The doctrine of negligent entrustment is founded on the primary negligence of the entruster in supplying a motor vehicle to an incompetent driver, with manifestations of the incompetence of the driver as a basic requirement of a negligent entrustment action. Cooter v. State Farm Fire & Casualty Co., 344 So.2d 496 (Ala.1977). This Court has held that a person under sixteen years old is conclusively presumed incompetent to operate a motor vehicle and that any person who allows such a minor to drive a motor vehicle is negligent as a matter of law. Paschall v. Sharp, 215 Ala. 304, 110 So. 387 (1926); Rush v. McDonnell, 214 Ala. 47, 106 So. 175 (1925). Those cases which concern the statutes dealing with licensing of drivers of motor vehicles, Code 1975, § 32-6-1, et seq., may be applied by analogy to the statute requiring a person to be at least fourteen years of age to obtain a license to operate a motorcycle. Code 1975, § 32-12-22.
Further, to establish negligent entrustment it is not necessary that the entruster have owned the motor vehicle. Land v. Niehaus, 340 So.2d 760 (Ala.1976). In the Land decision, the father was held liable for injuries negligently caused by his son's operation of a motorcycle even though the father did not own the motorcycle and had not contributed to its purchase. It was sufficient that he knew of his son's incompetence as a driver and negligently failed to control or discipline his child.
Plaintiffs' brief in opposition to the motions for summary judgment set forth the required scintilla of evidence necessary to have made the grant of a motion for summary judgment improper. The depositions of Walter Gerald Smith, the thirteen-year-old grandson, taken on May 17, 1976 and November 11, 1977, although conflicting in some respects, set forth genuine issues as to material facts that should have been submitted to a jury. Before the accident Walter Gerald Smith had been living at his grandparents' residence for approximately six months except for a week to ten days he spent with his mother in Pensacola, Florida. During this time he was within the custody and control of his grandparents. His first deposition contains testimony that his grandparents knew that he was too young to have a motorcycle license. The following portions of his deposition of May 17, 1976, set out in plaintiffs' brief, indicate his grandparents knew he had the motorcycle and permitted or acquiesced in his operation of it:
"Q. So you had the motorcycle while you were living with your grandparents prior to going to Pensacola, is that correct?
"A. Yes.
"Q. For about how long before you went to Pensacola did you have the motorcycle at your grandparents' house?
"A. About a week and a half.
"Q. During that time, how often did you ride your motorcycle?
"A. Pretty often.
"Q. Three or four hours a day after school?
"A. Yes.
"Q. And they were aware of this?
"A. Yes, sir.
"Q. Were they aware that you did not have a driver's license to operate a motorcycle?
"A. Yes, sir.
"At Page 49, Line 15, Walter Gerald Smith testified on May 17, 1976, as follows:
"Q. But they did allow you to ride the motorcycle?
"A. Yes, sir.
"Q. They didn't take it away from you?
"A. No, sir.
"Q. They didn't lock it up and tell you you couldn't ride it?
"A. No, sir.
"Q. Or take the keys away from you?
"A. Right.
"At Page 45, Line 2 of the May 17 deposition deponent further stated:
"Q. When you were living at your grandmother and grandfather's did *875 they tell you where you could go and where you couldn't go?
"A. They told me not to go on Highway 45 and that's all they told me.
"Q. They did not tell you that you had to ride your motorcycle in the yard?
"A. Right.
"Q. And you were riding it out on the Highway?
"A. Yes, they let me ride it on the Highway.
"Line 20, Page 45 further explains the circumstances as to why this matter should be resolved only before a jury:
"Q. But when you got home in the afternoon from school and began to ride your motorcycle your grandmother was usually home, is that correct?
"A. Yes.
"Q. So they knew you were riding your motorcycle in the afternoon after school?
"A. Yes.
"Q. Did you ride your motorcycle to school?
"A. No, sir.
"Q. You said something about riding to a bus stop, would you explain what you mean by that?
"A. I live about two miles from the bus stop at my grandmother's house. They said I could ride it up to the bus stop. I tied it up there and in the evening when I came back I would ride it home.
The brief also sets forth portions of the November 11, 1977 deposition of Walter Gerald Smith which place in issue material facts regarding the negligent entrustment question:
"Page 33, Line 20, of deposition of November 11, 1977:
"Q. You testified that your grandmother gave you permission to ride your motorcycle to the bus stop, is that correct?
"A. Right.
"Q. And you rode your motorcycle back to your grandmother's house with her permission, didn't you?
"A. Right.
"Q. Your grandmother knew you were riding it back and forth to the bus stop?
"A. Right.
"Page 34, Line 19, of deposition of November 11, 1977:
"Q. And you did ride everywhere you wanted to ride in the neighborhood, didn't you?
"A. Sometimes.
"Q. You rode all up and down the streets of the neighborhood, didn't you?
"A. Yes.
"Q. During that time you were living with your grandparents, weren't you?
"A. Yes.
"Q. Grandmother was at home in the afternoons when you came home from school, wasn't she?
"A. Yes.
"Q. When you came home from school then you took the motorcycle and rode around the neighborhood, didn't you?
"A. Yes.
"Q. Did your grandmother ever stop you from riding the motorcycle around the neighborhood?
"A. No."
THE ORDER GRANTING JUDGMENT IS REVERSED, AND THE CAUSE REMANDED.
BLOODWORTH and EMBRY, JJ., concur.
TORBERT, C. J., concurs specially, with whom ALMON, J., concurs.
TORBERT, Chief Justice, concurring specially:
I agree with the result reached by the majority, but I believe that two issues *876 touched on by the majority deserve clarification and explanation. The first issue with which I am concerned deals with the negligence per se imputed to one who entrusts a vehicle to an unlicensed driver, and the second issue with whether or not there was an actual or continuing entrustment under the facts of this case.
The essential ingredients of a cause of action for negligent entrustment are: (1) an entrustment; (2) to an incompetent (3) with knowledge that he is incompetent, and (4) proximate cause.[1] My first concern is whether ingredient number three, the knowledge requirement for a negligent entrustment action, is satisfied by proof that the entruster knew he was entrusting the vehicle to an unlicensed driver. The majority cites Paschall v. Sharp, 215 Ala. 304, 110 So. 387 (1926), and Rush v. McDonnell, 214 Ala. 47, 106 So. 175 (1925) for the proposition that any person who allows a minor under sixteen years of age to drive a car is negligent as a matter of law. The majority then states: "Those cases which concern the statutes dealing with licensing of drivers of motor vehicles Code 1975, § 32-6-1, et seq. may be applied by analogy to the statute requiring a person to be at least fourteen years of age to obtain a license to operate a motorcycle Code 1975, § 32-12-22." The problem with the above excerpt from the majority opinion is that Rush and Paschall do not interpret § 32-6-1 et seq. but rather interpret Acts of Alabama of 1911, § 22 p. 643 which reads:
No person either the owner chauffeur, or other authorized driver of any motor vehicle shall operate such vehicle upon the public highways of this state who is under the age of sixteen years unless accompanied by an adult person and any person allowing any such vehicle to be operated by any person under the age of sixteen years unless accompanied by such adult shall be punished by a fine not exceeding one hundred ($100.00) dollars.
Unless a parallel provision can be found in the Alabama Code of 1975 then Rush and Paschall interpret a statute which the Alabama legislature has chosen not to re-enact thus placing the precedential value of those cases in doubt. No parallel provision to § 22 of the Acts of Alabama of 1911 can be found in the 1975 Code citation given by the majority, § 32-6-1 et seq. There is however such a parallel provision at Code 1975, § 32-5-65, which reads:
Any owner or person in charge of any motor vehicle who permits any child under the age of 16 years to operate such a motor vehicle upon the public highways of this state, except as provided by section 32-5-64, shall be guilty of a misdemeanor, and upon conviction shall be punished as provided by § 32-5-311.
Paschall and Rush do stand for the proposition that "a person under sixteen is conclusively presumed incompetent to operate a motor vehicle, and that any person who allows such a minor to drive a motor vehicle is negligent as a matter of law" because the legislature re-enacted in 1975, a statute which is almost identical to the 1911 code section interpreted by those cases.
The second issue addressed by this concurrence is whether or not there was an actual entrustment in this case. The majority quotes pages from the transcript, which indicate that the grandparents of Walter Smith knew that he was riding his motorcycle and acquiesced in his riding it. The extraction of these portions of the testimony from the record is misleading because the testimony refers to a prior occasion on which Walter Smith was living with his grandparents, and not to the occasion on which the accident occurred.
The essence of an actual entrustment is the entrustor's manifestation of consent ON THE PARTICULAR OCCASION WHICH LEADS TO THE INJURY OF THE COMPLAINING PARTY.[2]
*877 It is not necessary in order to find an entrustment that evidence be presented which tends to prove that the defendant actually entrusted the vehicle to an incompetent on the occasion of the accident. Sometimes the past conduct of the entrustor who allowed an incompetent to use his vehicle at will on previous occasions is sufficient to raise an implied consent on the particular occasion of the accident.
If the entrustor had manifested continuing consent or permission for the incompetent to drive the vehicle there is a continuing entrustment. 23 Ala.L.R. 733 at 738 (1971).
Alabama cases which have employed the doctrine of continuing entrustment include: McGowin v. Howard, 251 Ala. 204, 36 So.2d 323 (1943), where a corporate defendant that allowed an incompetent employee to drive one of its trucks home every day entrusted that truck to him on each occasion regardless of the fact that explicit permission had not been given each day; and Gardiner v. Solomon, 200 Ala. 115, 75 So. 261 (1917) where a father who allowed his son to drive the father's car at will had in effect entrusted the car to his son on each occasion of the son's use, and Paschall v. Sharp, 215 Ala. 304, 110 So. 387 (1926), where evidence that the fourteen year old girl had been seen driving her father's car on numerous previous occasions was sufficient to raise for the jury the issue of whether she had her parent's consent to drive on the day of the accident; and Land v. Nichaus, 340 So.2d 760 (Ala.1976) where evidence that the father allowed his son to drive his motorcycle on the days prior to the accident warranted a finding that the father had consented to his son's operation of the motorcycle on the day of the accident.
The majority is correct in holding that the evidence indicating that the grandparents permitted Walter Gerald Smith to operate his motorcycle was sufficient to present the issue of entrustment to the jury. The bulk of the testimony cited by the majority has reference to occasions prior to the particular visit on which the accident occurred, and thus the theory under which the issue of entrustment should be presented to the jury on remand is continuing entrustment and not actual entrustment on the particular occasion of the accident.
ALMON, J., concurs.
NOTES
[1] Note, "Negligent Entrustment in Alabama" 23 Ala.L.R. 733 (1971); Lewis, Blashfield Automobile Law and Practice, V6 §§ 254.10, 254.11 p. 338 (3rd ed. 1966); Restatement (Second) of Torts § 390 (1965).
[2] Note, "Negligent Entrustment in Alabama" 23 Ala.L.R. 733 (1971).