I agree with the result reached by the majority, but I believe that two issues *Page 876 
touched on by the majority deserve clarification and explanation. The first issue with which I am concerned deals with the negligence per se imputed to one who entrusts a vehicle to an unlicensed driver, and the second issue with whether or not there was an actual or continuing entrustment under the facts of this case.
The essential ingredients of a cause of action for negligent entrustment are: (1) an entrustment; (2) to an incompetent (3) with knowledge that he is incompetent, and (4) proximate cause.[1] My first concern is whether ingredient number three, the knowledge requirement for a negligent entrustment action, is satisfied by proof that the entruster knew he was entrusting the vehicle to an unlicensed driver. The majority citesPaschall v. Sharp, 215 Ala. 304, 110 So. 387 (1926), and Rushv. McDonnell, 214 Ala. 47, 106 So. 175 (1925) for the proposition that any person who allows a minor under sixteen years of age to drive a car is negligent as a matter of law. The majority then states: "Those cases which concern the statutes dealing with licensing of drivers of motor vehicles Code 1975, § 32-6-1, et seq. may be applied by analogy to the statute requiring a person to be at least fourteen years of age to obtain a license to operate a motorcycle Code 1975, §32-12-22." The problem with the above excerpt from the majority opinion is that Rush and Paschall do not interpret § 32-6-1 etseq. but rather interpret Acts of Alabama of 1911, § 22 p. 643 which reads:
 No person either the owner chauffeur, or other authorized driver of any motor vehicle shall operate such vehicle upon the public highways of this state who is under the age of sixteen years unless accompanied by an adult person and any person allowing any such vehicle to be operated by any person under the age of sixteen years unless accompanied by such adult shall be punished by a fine not exceeding one hundred ($100.00) dollars.
Unless a parallel provision can be found in the Alabama Code of 1975 then Rush and Paschall interpret a statute which the Alabama legislature has chosen not to re-enact thus placing the precedential value of those cases in doubt. No parallel provision to § 22 of the Acts of Alabama of 1911 can be found in the 1975 Code citation given by the majority, § 32-6-1 etseq. There is however such a parallel provision at Code 1975, §32-5-65, which reads:
 Any owner or person in charge of any motor vehicle who permits any child under the age of 16 years to operate such a motor vehicle upon the public highways of this state, except as provided by section 32-5-64, shall be guilty of a misdemeanor, and upon conviction shall be punished as provided by § 32-5-311.
Paschall and Rush do stand for the proposition that "a person under sixteen is conclusively presumed incompetent to operate a motor vehicle, and that any person who allows such a minor to drive a motor vehicle is negligent as a matter of law" because the legislature re-enacted in 1975, a statute which is almost identical to the 1911 code section interpreted by those cases.
The second issue addressed by this concurrence is whether or not there was an actual entrustment in this case. The majority quotes pages from the transcript, which indicate that the grandparents of Walter Smith knew that he was riding his motorcycle and acquiesced in his riding it. The extraction of these portions of the testimony from the record is misleading because the testimony refers to a prior occasion on which Walter Smith was living with his grandparents, and not to the occasion on which the accident occurred.
The essence of an actual entrustment is the entrustor's manifestation of consent ON THE PARTICULAR OCCASION WHICH LEADS TO THE INJURY OF THE COMPLAINING PARTY.[2] *Page 877 
It is not necessary in order to find an entrustment that evidence be presented which tends to prove that the defendant actually entrusted the vehicle to an incompetent on the occasion of the accident. Sometimes the past conduct of the entrustor who allowed an incompetent to use his vehicle at will on previous occasions is sufficient to raise an implied consent on the particular occasion of the accident.
 If the entrustor had manifested continuing consent or permission for the incompetent to drive the vehicle there is a continuing entrustment. 23 Ala.L.R. 733 at 738 (1971).
Alabama cases which have employed the doctrine of continuing entrustment include: McGowin v. Howard, 251 Ala. 204,36 So.2d 323 (1943), where a corporate defendant that allowed an incompetent employee to drive one of its trucks home every day entrusted that truck to him on each occasion regardless of the fact that explicit permission had not been given each day; andGardiner v. Solomon, 200 Ala. 115, 75 So. 261 (1917) where a father who allowed his son to drive the father's car at will had in effect entrusted the car to his son on each occasion of the son's use, and Paschall v. Sharp, 215 Ala. 304, 110 So. 387
(1926), where evidence that the fourteen year old girl had been seen driving her father's car on numerous previous occasions was sufficient to raise for the jury the issue of whether she had her parent's consent to drive on the day of the accident; and Land v. Nichaus, 340 So.2d 760 (Ala. 1976) where evidence that the father allowed his son to drive his motorcycle on the days prior to the accident warranted a finding that the father had consented to his son's operation of the motorcycle on the day of the accident.
The majority is correct in holding that the evidence indicating that the grandparents permitted Walter Gerald Smith to operate his motorcycle was sufficient to present the issue of entrustment to the jury. The bulk of the testimony cited by the majority has reference to occasions prior to the particular visit on which the accident occurred, and thus the theory under which the issue of entrustment should be presented to the jury on remand is continuing entrustment and not actual entrustment on the particular occasion of the accident.
ALMON, J., concurs.
[1] Note, "Negligent Entrustment in Alabama" 23 Ala.L.R. 733 (1971); Lewis, Blashfield Automobile Law and Practice, V6 §§ 254.10, 254.11 p. 338 (3rd ed. 1966); Restatement (Second) of Torts § 390 (1965).
[2] Note, "Negligent Entrustment in Alabama" 23 Ala.L.R. 733 (1971).