(107 So. 811)

**ABBOTT v. ALABAMA POWER CO. et al.**
**(7 Div. 612.)**

(Supreme Court of Alabama. March 18, 1926.)

1. **Negligence** ⬅25—**Failure to inclose cogs many feet above seats of merry-go-round held not negligence as to boy climbing to top without express or implied invitation.**

Failure to inclose cogs, which were open to observation, many feet above seats and rafters of merry-go-round, *held* not negligence, rendering owner liable for injuries to boy climbing to top of machine when in motion, there being no reason to anticipate such action, nor any invitation, express or implied, to do so.

2. **Negligence** ⬅85(3).

Intelligent boy over 15 years old cannot recover for injuries as for attractive nuisance.

3. **Landlord and tenant** ⬅167(1)—**Company leasing premises and merry-go-round held not liable for injury thereon, in absence of proof of latent defect at time of leasing or participation in operation or maintenance of machine.**

Company leasing premises and merry-go-round thereon long before accident *held* not liable, in absence of proof of latent defect at time of leasing which caused injury, or of its participation in operation or maintenance of machine.

4. **Appeal and error** ⬅1040(14).

Where general issue is pleaded and plaintiff fails to make out case, errors in overruling demurrers to special pleas are without injury.

Appeal from Circuit Court, Calhoun County; R. B. Carr, Judge.

Action by Otha Franklin Abbott, by his next friend, Benjamin F. Abbott, against the Alabama Power Company and another. From a judgment for defendants, plaintiff appeals. Affirmed.

Longshore & Longshore, of Columbiana, and H. A. Emerson, of Anniston, for appellant.

The owner of a place of public entertainment is charged with the obligation of knowing that the premises and appliances are safe for public use. 38 Cyc. 268; 26 R. C. L. 713; 20 R. C. L. 56. The lessor of such a place is liable jointly with the lessee. 38 Cyc. 271. The affirmative charge should never be given when there is a scintilla of evidence against

the party asking it. Ala. Power Co. v. Armour & Co., 92 So. 111, 207 Ala. 15.

Knox, Acker, Sterne & Liles, of Anniston, for appellees.

The owner or lessee of machinery is not liable to persons over 14 years of age who, without authority, expose themselves to dangerous contact therewith. Central of Ga. R. Co. v. Robins, 95 So. 367, 209 Ala. 6, 36 A. L. R. 10. The lessor is not responsible for injury occurring on leased premises, unless he leased subject to a latent defect or participated in the negligent act. Morgan v. Sheppard, 47 So. 147, 156 Ala. 403; Republic I. & S. Co., v. McLaughlin, 75 So. 962, 200 Ala. 204; Hubbard v. Coffin, 67 So. 697, 191 Ala. 494; Koger v. Roden Coal Co., 73 So. 33, 197 Ala. 473.

ANDERSON, C. J. [1, 2] Each count of the complaint avers that the plaintiff was a guest or invitee, when the proof shows that he was an employee on or about the premises. But aside from this, we think that the proof shows that there was no implied invitation to any one to use or get on the merry-go-round. The motor had been removed, and it was tied or fastened except when the fastening was removed by outsiders, and the defendant Hulsey, instead of inviting people to use it, forbade them from doing so whenever he saw them about the machine or vehicle. Again, if it be conceded that there was an implied invitation to use or ride the merry-go-round, there was no invitation, express or implied, to anyone to climb many feet above the seats and above the rafters and practically to the top, where the plaintiff came in contact with the cogs. Nor was there any negligence in not inclosing the cogs, which were open to observation, and defendant had no right to apprehend or anticipate that the ordinary person would climb to the top of the machine when in action. Aside from the foregoing reasons, the plaintiff could not recover, as for an attractive nuisance, as he was a boy of intelligence and over 15 years of age. Central R. R. of Ga. v. Robins, 95 So. 367, 209 Ala. 6, 36 A. L. R. 10.

[3] Moreover, the Alabama Power Company was entitled to the general affirmative charge for still another reason, as the undisputed evidence shows that it leased the premises and outfit long before the accident, and there was no proof of any latent defect at the time of leasing which caused the injury in question, or that it in any way participated in the operation or maintenance of the machine. Morgan v. Sheppard, 47 So. 147, 156 Ala. 403; Smith v. Hallock, 98 So. 781, 210 Ala. 529.

[4] As the plea of the general issue was in and the plaintiff failed to make out a case, if the trial court erred in overruling the demur-

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

rer to any of the special pleas, it was error without injury.

The judgment of the circuit court is affirmed.

Affirmed.

SAYRE, GARDNER, and MILLER, JJ., concur.