163 So. 591

**EVANS v. BUCK CREEK COTTON MILLS.**
**7 Div. 314.**

Supreme Court of Alabama.
Oct. 17, 1935.

76

Beddow, Ray & Jones, of Birmingham, for appellant.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellee.

THOMAS, Justice.

The question for decision is presented by the first assignment of error—"that the court erred in giving the general affirmative charge requested in writing by the defendant."

The testimony is uncontradicted that decedent was about fifteen years of age when he met his accident and injury. The rule is declared that one over the age of fourteen years is prima facie responsible for his acts of contributory negligence. And there is nothing in the record to show his lack of judgment and discretion. In Beavers v. Southern R. Co., 212 Ala. 600, 602, 103 So. 887, 889, it was observed that: "Neither the complaint nor the pleas disclosed the fact that plaintiff's intestate was under 14 years of age and there was no duty on the court to assume such to be a fact in the absence of allegation somewhere. The complaint, as amended, alleged that intestate was an 'infant'; but in law a person is an infant until he arrives at his majority as fixed by law, and an infant over 14 years of age is responsible for his acts of contributory negligence, presumptively at least. Birmingham & A. R. Co. v. Mattison, 166 Ala. 602, 52 So. 49."

The same rule was announced in Abbott v. Alabama Power Co., 214 Ala. 281, 107 So. 811, where the court said: "Nor was there any negligence in not inclosing the cogs, which were open to observation, and defendant had no right to apprehend or anticipate that the ordinary person would climb to the top of the machine when in action. Aside from the foregoing reasons, the plaintiff could not recover, as for an attractive nuisance, as he was a boy of intelligence and over 15 years of age. Central R. Co. of Georgia v. Robins, 209 Ala. 6, 95 So. 367, 36 A. L. R. 10."

And it was declared in First Nat. Bank of Dothan v. Sanders, 225 Ala. 417, 420, 143 So. 578, 581, that: "On the evidence in this case, defendant's agent, as matter of law, was not, within the purview of the

stated rule (of subsequent negligence), made aware of plaintiff's danger in advance of his injury, and hence was guilty of no dereliction of duty, and further, that, even if negligence might be attributed to defendant's agent, still plaintiff took a position of unnecessary danger, and in doing so he was, upon the undisputed evidence, guilty of negligence contributory to his injury, put in issue by appropriate plea. Beyer v. Louisville & N. R. Co., 114 Ala. 424, 21 So. 952."

█ We have indicated that there was no effort on plaintiff's part to show that the foregoing presumption of liability or responsibility did not apply to deceased, and for the purpose of this appeal the presumption became conclusive. The driver of the car testified of the acts of the deceased before and immediately preceding his injury, as follows: "Harry Evans got in the back end of the body first—behind the seat. About a mile up the road he left that position and got on the running board and then stuck his head in at the side. He climbed out there on the running board while we were running, and the first information I had that he was on the running board was when he stuck his head in and said something to one of the boys. The side of the body of the truck was about three feet high. There was plenty of room in that truck for a number of boys to ride. I don't remember what was said to him when he stuck his head into the door. I don't remember his brother telling him to get back into the truck. There was some conversation, but I was busy driving the truck and did not hear it. I don't remember that anyone tried to keep Harry from going with us that night. He was riding just a little bit behind the fender beside the door. He was holding in the top of the cab—inside. My front wheel missed skidding into the sign. It came right on by it. Yes, sir, my truck skidded. The front wheel skidded and missed it angling like. The truck went against the drum. Where the Evans boy was standing hit the drum. Nobody in the truck was hurt at all."

It is shown that there was ample room, not only for the deceased, but for the several parties to ride in the body of the truck behind the seat, and deceased actually did so board and ride in the truck in such safe position, until that vehicle had proceeded about a mile, when, of his own volition and without notice to any one, he came out of the body of the truck onto and upon the running board, where he was stricken by the collision with the sign or post and received his injuries. It is also shown, without dispute, that no one was riding in the seat of the truck (where he could have safely placed himself) on the occasion of his accident.

In the Sanders Case, supra, the plaintiff's intestate was likewise held culpable and contributing to his own injury. There, the automobile was a Ford roadster in which two people were riding on the seat and plaintiff was upon the running board. In the instant case deceased had ample opportunity and room to ride in the body of the truck, and did so ride for some distance, when he voluntarily and without notice changed his position from one of safety to one of great danger and was injured, and no other occupant was injured.

It is shown by the foregoing that defendant was entitled to the general affirmative charge on account of the contributory negligence of the deceased, and for this reason the action of the trial court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.