No. 42,406

MICHAEL GREENWOOD, by His Natural Mother and Next Friend BETTY GREENWOOD, *Appellee,* v. EVERETT GARDNER, *Appellant.*

(366 P. 2d 780)

Opinion filed December 9, 1961.

*William Porter,* of Wichita, argued the cause; *Getto McDonald, William Tinker, Arthur W. Skaer, Hugh P. Quinn, Alvin D. Herrington, Darrell D. Kellogg,* and *Richard T. Foster,* of Wichita, and *E. W. Grant* and *Ervin E. Grant,* of El Dorado, were with him on the briefs for the appellant.

*Fred R. Vieux,* of Augusta, argued the cause, and *J. B. McKay* and *James B. McKay, Jr.,* of El Dorado, were with him on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This was an action for damages brought by Michael Greenwood, a minor ten years of age, by and through his mother against his grandfather Everett Gardner and a Verna Hein. From an order of the trial court overruling defendant Gardner's demurrer to plaintiff's petition, defendant appeals. Verna Hein is not a party to this appeal.

It is not necessary to set out fully the allegations of the petition as the only portion challenged is that part upon which defendant Gardner's liability is predicated.

The pertinent part of the petition alleges that on the date in question Michael Greenwood, plaintiff (appellee), age ten years, was visiting at the home of his grandfather Everett Gardner, defendant (appellant), hereinafter referred to as defendant. At five o'clock that afternoon defendant requested Michael to go with him on a drive in the country. The defendant drove the automobile east out of Augusta and then proceeded south on a township road. After entering the township road defendant stopped the automobile and requested the child to drive. Thereupon, Michael assumed the driver's position behind the steering wheel and defendant assumed a sitting position on the extreme right-hand side of the automobile out of reach of the steering wheel, the accelerator and the brakes of the automobile. Michael proceeded to drive the automobile for four miles until he came to an intersection with an east-west township highway. This was a blind intersection. Michael could not see traffic coming from either the east or the west until he drove to the edge of the intersection. Plaintiff slowed the automobile before entering the intersection, and as he proceeded into the intersection the motor of the automobile died, or stalled, and the car was struck by a westbound vehicle driven by one Verna Hein, causing severe injuries to plaintiff Michael.

The petition further alleges

"IV.

"That said child at the time of said accident was of the tender age of 10 years, that he had no driver's license, restricted or otherwise, that he was an inexperienced driver. That he was of such size and leg length that he must needs sit on the very edge of the seat of said automobile in order that his foot reach the accelerator and the brake. That said child was an inexperienced driver and was of such tender age as not to comprehend and know the danger of driving an automobile. That he was of such tender age with such lack of

experience and development that the entrustment of the driving of an automobile to him placed him in a position of danger. That said child drove into said intersection without any warning or instruction from the defendant Gardner and at defendant Gardner's direction, consent, and acquiescence.

. . . . . . . . . . . . . .

"VIII.

"That the following acts of misconduct and negligence of the defendant Gardner concurred with the said misconduct and negligence of the defendant Hein, they being also a proximate cause of said collision and the hereinafter related damage to said child:

"1. Giving over the driving to said automobile to said child knowing said child to be an unlicensed, inexperienced, unqualified driver of very tender age.

"2. Giving over the driving of said automobile to said child knowing the child to be physically incapable of using the brakes and accelerator in an effective manner.

"3. Being acquainted with said intersection and notwithstanding such fact directing and acquiescing in said child driving and following a course that went into said intersection without determining whether or not an automobile was coming toward said intersection from an east or west direction.

"4. Directing and permitting said child to drive said automobile when he knew, or should have known, said child was of such a very tender age as not to comprehend the risks and hazards of driving an automobile, and how to react and conduct himself when placed in a position of danger.

"IX.

"That as a result of the concurring misconduct and negligence of the defendants, plaintiff suffered the following injuries: . . ."

In his brief defendant admits that although the plaintiff alleges various acts of negligence upon the part of defendant Gardner, it is not asserted that such acts were or could have been a proximate cause of any damage to plaintiff except for the bare statement appearing in subparagraph VIII of the petition. We cannot agree with defendant's contention.

G. S. 1949, 8-264 provides that no person shall permit a motor vehicle owned by him or under his control to be driven upon the highway by any person who is not licensed under the law, and G. S. 1949, 8-222 provides that every owner of a motor vehicle permitting a minor under the age of sixteen years to drive such vehicle upon the highway, or who furnishes such vehicle to such minor, shall be jointly and severally liable with the minor for any damages caused by the negligence of the minor in driving such vehicle. The effect of the mentioned statutes is to render any person not licensed or under the minimum statutory age conclusively incompetent to drive a vehicle on the public highways of this state.

The petition alleges negligence in turning the automobile over to the ten-year-old incompetent child, and, in addition, it alleges continuing negligence in directing him to drive the automobile into the intersection, as aforesaid, and in failing to instruct and control the plaintiff child during the course of driving the car into the blind intersection.

Under our decisions the question of proximate cause is one of fact for the jury. In *Rowell v. City of Wichita,* 162 Kan. 294, 301, 176 P. 2d 590, we stated of course the negligence charged must have been the proximate or legal cause of the injury, and further stated what is a proximate cause is ordinarily a question for the jury. In *Atherton v. Goodwin,* 163 Kan. 22, 180 P. 2d 296, we stated the proximate cause of an injury is that cause which in natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury and without which the injury would not have occurred, the injury being the natural and probable consequence of the wrongful act. There is no precise formula for marking the line between proximate and remote consequences following a negligent act, and ordinarily, the questions of negligence, including proximate cause, and whether damages sought could have been foreseen or anticipated by the exercise of ordinary prudence and foresight, are for the jury.

In *Flaharty v. Reed,* 167 Kan. 319, 324, 205 P. 2d 905, we *held* each case must be decided largely on the special facts belonging to it and that the test of proximate cause is that which determines an injury to be the proximate result of negligence only where the injury is the natural and probable consequence of the wrongful act. In the mentioned opinion, after some discussion on concurrent and intervening causes, we said that if two distinct causes are successive and unrelated in operation, they cannot be concurrent, and that the rule that the causal connection between the actor's negligence and the injury is broken by the intervention of a new, independent and efficient intervening cause, so that the actor is without liability, is subject to the qualification that if the intervening cause was foreseen or might reasonably have been foreseen by the first actor, his negligence may be considered the proximate cause notwithstanding the intervening cause, and also that one who negligently creates a dangerous condition cannot escape liability for the natural and probable consequences thereof, although the innocent act of some third person may have contributed to the final result. We further *held* that it was not a necessary element of negligence

that one charged with it should have been able to anticipate the precise injury sustained.

The petition states a cause of action against the defendant Gardner.

Defendant next contends that the plaintiff is barred from recovery by reason of the guest statute, G. S. 1949, 8-122b, which provides that no person who is transported by the owner or operator of a motor vehicle, as his guest, without payment for such transportation, shall have a cause of action for damages against such owner or operator for injury unless the injury shall have been the result of gross and wanton negligence of the operator of such motor vehicle. This statute was construed in the case of *In re Estate of Bisoni*, 171 Kan. 631, 635, 237 P. 2d 404, and what is said there is controlling here. Suffice it to say that plaintiff was the operator at the time of the accident and defendant was the passenger; the plaintiff was in physical control of the car and defendant was the one who was being transported. Therefore, the guest statute has no application under the facts in this case.

For the reasons above stated, the judgment of the trial court is affirmed.