238 So.2d 876

Henry B. McDERMOTT, as Adm'r of Estate of Louis John McDermott, Deceased

v.

James Aubrey HAMBRIGHT.

6 Div. 706.

Supreme Court of Alabama.

Aug. 6, 1970.

Rehearing Denied Sept. 3, 1970.

Spain, Gillon, Riley, Tate & Ansley, and Ollie L. Blan, Jr., and John P. McKleroy, Jr., Birmingham, for appellee.

Fred Blanton, Birmingham, for appellant.

BLOODWORTH, Justice.

This case, originally assigned to another Justice, was recently reassigned to the writer.

It is an appeal by plaintiff from a judgment of voluntary nonsuit after defendant's demurrer to the amended complaint was sustained. Plaintiff assigns as error the trial court's ruling sustaining the demurrer.

We consider the question presented to us to be: Whether in a wrongful death action a complaint is demurrable which alleges in substance that defendant entrusted his automobile to decedent knowing him to be "wholly incompetent and unfit to drive" in that he was "mentally incompetent," "had been committed to Alabama Bryce Hospital * * * in 1962," "was intoxicated," and "did not possess a valid driver's license," and that the decedent's death was the proximate consequence of the entrustment? We conclude the complaint is demurrable for the reason we shall hereinafter discuss.

Plaintiff admits this case is res nova in Alabama, but argues that there is support for his contention that his complaint states a cause of action.

Plaintiff cites Restatement of the Law, Second, Torts 2d, § 390, as authority for his view:

"§ 390. Chattel for Use by Person Known to be Incompetent

"One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.

\* \* \* \* \* \*

"Illustration:

"7. A, who makes a business of letting out boats for hire, rents his boat to B and C, who are obviously so intoxicated as to make it likely that they will mismanage the boat so as to capsize it or to collide with other boats. B and C by their drunken mismanagement collide with the boat of D, upsetting both boats. B, C, and D are drowned. A is subject to liability to the estates of B, C, and D under the death statute, although the estates of B and C may also be liable for the death of D."

Defendant, in answer to the plaintiff, says in brief:

" \* \* \* We have found no case which has extended the negligent entrustment doctrine to permit recovery by the incompetent driver on simple negligence against the owner for injuries sustained by the incompetent while driving the vehicle.[1] [Note supplied]

"Hence, we state at the outset that Appellant has no cause of action under the theory of negligent entrustment. The Alabama cases and the cases of other states have applied this doctrine only where a third person was injured by the negligent driving of the incompetent."

Since we conclude that plaintiff's complaint is demurrable on other grounds, we do not decide whether there is a cause of action in Alabama for the death of the bailee himself on a theory of negligent entrustment. However, as defendant points out in brief the negligent entrustment doctrine does seem to have been limited to injuries to third persons. The reason for this doctrine, as a Texas Court of Civil

---

1. Defendant acknowledges having found one case based on willfulness and wantonness.

See Thomasson v. Winsett, 310 S.W.2d 33 (Mo.App.1958).

Appeals indicates in Rodgers v. McFarland, 402 S.W.2d 208, 210 (1966) is:

"* * * it is founded in tort—*the negligence of the owner in turning the incompetent loose on the public.*" [Emphasis supplied]

In addition to contending there is no cause of action, defendant says the complaint is demurrable because: there is no averment of a duty owed by defendant to the decedent; the allegations of proximate cause are insufficient to allege the causal connection between the decedent's incompetency to drive and his death; this case falls under the influence of the guest statute.

We need consider only one of these contentions. It is the defendant's position that some negligent act on the part of the incompetent himself must be alleged, otherwise there is no causal connection between the act of entrustment and the death of the incompetent. We agree.

Our court has stated with respect to proximate cause:

"* * * The proximate cause of an injury is the primary moving cause without which it would not have been inflicted, but which, in the natural and probable sequence of events, and without the intervention of any new or independent cause, produces the injury. Smith v. Alabama Water Service Company, 225 Ala. 510, 143 So. 893." Mobile City Lines, Inc. v. Proctor, 272 Ala. 217, 224, 130 So.2d 388 (1961).

"* * * The word 'proximate' adds that requirement of unbroken causation to the other requirements necessary for actionable negligence. * * * 'Proximate cause' is not necessarily the act nearest injury, but is an act which actively aided in producing injury as a direct and existing cause.—King, Inc. v. Thomas, 37 Ala.App. 244, 66 So.2d 602." Aggregate Limestone Co. v. Robison, 276 Ala. 338, 340, 161 So.2d 820, 822 (1964).

In Rush v. McDonnell, 214 Ala. 47, 50, 51, 106 So. 175 (1925), we said concerning the doctrine of negligent entrustment:

"Liability in such cases depends, on common-law principles, upon the ownership of the automobile, the incompetence of the bailee to whom its operation is intrusted to operate it properly and safely, the owner's timely knowledge of such incompetence, *and injury to a third person resulting proximately from the incompetence of the bailee.*" [Emphasis supplied]

This has been consistently followed. See Spurling v. Fillingim, 244 Ala. 172, 12 So.2d 740 (1943); and Dean v. Johnston, 281 Ala. 602, 206 So.2d 610 (1968). Our court went on to say in Rush v. McDonnell, supra:

"We are not confusing the liability of the driver of the car, or of his principal, for the negligent operation of the car, with the liability of the owner or custodian of the car for intrusting its operation to an incompetent driver. The two phases of liability are separate and distinct, and in the latter case the liability is not based upon the doctrine of respondeat superior. *Yet the injurious conduct of the bailee, resulting from his incompetency as a driver, is a necessary factor to the liability of the owner or custodian, without which the wrongful bailment could not be said to be the proximate cause of the injury.* Hence any consideration of the owner's liability must involve also a consideration of the conduct of the bailee and of his legal culpability. Parker v. Wilson, 179 Ala. 361, 370, 60 So. 150, 43 L.R.A.(N.S.,) 87." [Emphasis supplied]

And, as this court more recently pointed out in Dean v. Johnston, supra:

"Negligence is not synonymous with incompetency, nor is competency synonymous with prudence, for the most competent may be negligent, and the in-

competent may under the circumstances have been prudent. The injury complained of must have been the proximate result of the servant's incompetency. Alabama City, Gadsden and A. Ry. Co. v. Bessiere, 190 Ala. 59, 66 So. 805. In other words, negligence of the servant proximately contributing to the specific accident is the determining factor. * *."

We believe these cases make it clear that some act of negligence ("resulting from his incompetency as a driver") on the part of the bailee is necessary to make the owner liable, "without which the wrongful bailment could not be said to be the proximate cause of the injury." Rush v. McDonnell, supra.

It appears to us that while plaintiff has alleged that defendant permitted the incompetent to operate his vehicle and that the decedent was killed as a proximate consequence thereof, this in itself creates no causal connection between that act and the subsequent and ensuing death. We hold the complaint is demurrable on this ground. While it may appear to create an anomalous situation to hold plaintiff must allege his decedent was guilty of some act of negligence which proximately caused his own death, such an allegation seems clearly to be necessary under the holdings of our cases.

Since we hold the complaint demurrable on account of the failure to aver any causal connection between the entrustment and the ensuing death of decedent, we do not decide whether the complaint may also be demurrable on other grounds, such as whether the particularized averments of incompetency are sufficient.

The complaint being demurrable, there was no error in the trial court's sustaining the demurrer thereto and the case should be affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, COLEMAN and McCALL, JJ., concur.