329 So.2d 529

Paul **HOLLOWAY**

v.

**GOVERNMENT EMPLOYEES INSURANCE COMPANY, a corporation.**

**SC 1444.**

Supreme Court of Alabama.

March 26, 1976.

---

Smith & Smith, Dothan, for appellant.

Lee & McInish, William L. Lee, III and Stephen T. Etheredge, Dothan, for appellee.

PER CURIAM.

We reverse and remand the summary judgment rendered in favor of the defendant insurer because it did not bear the burden placed upon it (as the movant) to show that it was entitled to summary judgment—i. e., that there is no genuine issue as to a material fact. *Ray v. Midfield Park, Inc.*, 293 Ala. 609, 308 So.2d 686 (1975); *Fleming v. Alabama Farm Bureau Mut. Cas. Ins. Co.*, 293 Ala. 719, 310 So.2d 200 (1975). We refer the reader to the dissent for a copy of the judgment.

There is a genuine issue as to a material fact, in our judgment, as to whether there was a policy of liability insurance in effect on the date of the accident. Putting the issue another way, we cannot say as a matter of law that the policy was cancelled before the accident occurred. *Fleming v.*

*Alabama Farm Bureau Mut. Cas. Ins. Co.,* supra.

■ "On motion for summary judgment, summary judgment is not appropriate unless it appears that the non-moving party could not prevail under any set of conceivable circumstances." *Fleming,* supra.

Plaintiff alleged in his complaint that Mrs. Davis, with whom he had the accident, was insured. Defendant insurer denied this allegation.

In an affidavit supporting the motion for summary judgment, defendant insurer states that a policy of insurance with the Davises was cancelled and notice of cancellation mailed December 12, 1973, a copy thereof being attached. The cancellation notice attached states that "PAYMENT OF THE AMOUNT INDICATED ABOVE PRIOR TO THE CANCELLATION DATE WILL VOID THIS CANCELLATION NOTICE AND —— YOUR POLICY IN EFFECT. . . ."

Further, the notice adjures: "ACT NOW TO PREVENT CANCELLATION OF YOUR INSURANCE PREMIUM."

In reply thereto, plaintiff proffered his affidavit which read, inter alia:

". . . That at the time of the accident, Faye Anna Davis was insured with Government Employees Insurance Company, a corporation, under Policy 662–41–13–3 as evidenced by general change endorsement to the policy, a copy of which is attached hereto and marked Exhibit 'A' . . . ."

\* \* \* \* \* \*

"Affiant further says that on November 1, 1973, Faye Anna Davis mailed a payment to the defendant, Government Employees Insurance Company, a corporation, in the amount of $124.12, a copy of the check is attached hereto and marked Exhibit 'B'. A copy of the poli-cy adjustment notice is also attached hereto and marked Exhibit 'C'."

Although the plaintiff's affidavit is not a model of clarity, nor does it contain more than a modicum of allegations we consider that it is sufficient for summary judgment purposes in this case. To hold it subject to the insurer's criticisms that it is not based on personal knowledge and fails to state facts would require that we take a hypercritical view of the meaning of Rule 56(e) A.R.C.P.

■ We think the pleading allegations, supporting and countervailing affidavits make out a genuine issue as to a material fact—was the policy cancelled as the insurer contends, or was it in full force and effect, as plaintiff contends?

REVERSED AND REMANDED.

HEFLIN, C. J., and BLOODWORTH, JONES, ALMON and SHORES, JJ., concur.

MERRILL, MADDOX, FAULKNER and EMBRY, JJ., dissent.

MADDOX, Justice (dissenting).

This is a close case, but close only because Alabama requires such a small amount of proof to raise an issue of fact. Nevertheless, I would not reverse this case.

I am quite aware that this Court, in *Ray v. Midfield Park,* 293 Ala. 609, 308 So.2d 686 (1975), held that the movant has the burden of showing that no genuine issue of material fact exists and that he is entitled to a judgment as a matter of law, and that no defense to an insufficient showing is required. *Midfield Park* follows *Adickes v. S. H. Kress & Co.,* 398 U.S. 144, 90 S. Ct. 1598, 26 L.Ed.2d 142 (1970). In both *Midfield Park* and *Fleming,* 293 Ala. 719, 310 So.2d 200 (1975), cited by the majori-

ty, this Court found the movants *failed* to meet this burden.

However, if a movant meets his initial burden, Rule 56(e) requires the *party opposing the motion* to come forward with evidence setting forth *specific facts* showing that there is a genuine issue for trial. *Adickes*, supra.

What are the facts of this case?

Holloway's complaint was:

"Plaintiff claims of the Defendant the sum of FIFTEEN THOUSAND ($15,000.00), for that heretofore on to-wit, March 9, 1974, Plaintiff was injured and damaged as a result of an accident which occurred on said date involving the Plaintiff and Faye Anna Davis, wife of Billy J. Davis, who was insured by the Defendant under Policy No. 662–41–13–3. That the Defendant had notice of said accident and of the claim and suit filed by the Plaintiff; that on the 22nd day of November, 1974, judgment was entered in the Circuit Court of Houston County, Alabama, against Faye Anna Davis in the amount of $15,000.00, the amount of injuries and damages received by the Plaintiff; that Faye Anna Davis was covered under said policy at the time of the accident." GEICO answered, in part, as follows:

"Defendant denies that Faye Anna Davis, wife of Billy J. Davis, was insured by it on March 19, 1974, the date of the alleged accident between Billy J. Davis and Paul Holloway."

GEICO then moved for summary judgment and filed an affidavit in support of its motion, as follows:

"STATE OF GEORGIA,

BIBB COUNTY.

Before me, the undersigned authority, personally appeared J. Harry Canfield. He is employed with Government Employees Insurance Company in the capacity of Claims Examiner. He is familiar with the lawsuit and the claim involved. Government Employees Insurance Company insured Billy J. Davis under policy number 662–41–13–3. His wife's name was Faye Anna Davis. On March 19, 1974, she was involved in an accident with Paul Holloway. Our company received notice of the automobile accident. On December 12, 1973, Billy J. Davis's policy of insurance with Government Employees Insurance Company was cancelled and notice of the cancellation was mailed to him at his address. The cancellation was effective December 27, 1973. Since December 27, 1973, Billy J. Davis has not been an insured of Government Employees Insurance Company. Faye Anna Davis has never been an insured of Government Employees Insurance Company and the car Faye Anna Davis was driving on the date of the accident, March 19, 1974, was not insured by Government Employees Insurance Company under the policy of Billy J. Davis since that policy was cancelled on December 12, 1973, said cancellation being effective December 27, 1973. A copy of said cancellation is attached hereto.

"/s/ J. Harry Canfield

"Sworn to and subscribed before me this 18th day of March, 1975.

"/s/ Ronald A. Metzzar
Notary Public

Notary Public
State of Georgia at Large
My Commission expire[d]
August 14, 1978

Notary Public
STATE OF GEORGIA
RONALD A. METZZAR"

At this point, I believe GEICO met its burden of showing that the policy was can-

celled and therefore it was not liable to pay Holloway's judgment.

Holloway did not rely on the allegation of his pleading but filed an affidavit which reads as follows:

### "AFFIDAVIT

"STATE OF ALABAMA

HOUSTON COUNTY

Before me, the undersigned authority, personally appeared Paul Holloway, and after duly sworn, deposes and says:

"That he is the plaintiff in the above styled cause and that on March 19, 1974, he was involved in an accident in which Faye Anna Davis was operating a motor vehicle. That at the time of the accident, Faye Anna Davis was insured with Government Employees Insurance Company, a corporation, under Policy 662–41–13–3 as evidenced by general change endorsement to the policy, a copy of which is attached hereto and marked Exhibit 'A'. Said endorsement shows the effective date as November 1, 1973.

"Affiant further says that the policy was originally issued on a 1965 Chevrolet automobile but that on October 23, 1973, the policy was adjusted to cover a 1969 Skylark Buick which was the automobile plaintiff was injured in.

"Affiant further says that on November 1, 1973, Faye Anna Davis mailed a payment to the defendant, Government Employees Insurance Company, a corporation, in the amount of $124.12, a copy of the check is attached hereto and marked Exhibit "B". A copy of the policy adjustment notice is also attached hereto and marked Exhibit "C".

"/s/ Paul Holloway
Paul Holloway

Sworn to and subscribed before me this 27th day of May, 1975

/s/ Myrtle F. Jordan
Notary Public

Filed: May 27, 1975

/s/ Julia L. Trant, Clerk

The check and policy endorsement mentioned in the affidavit were attached.

The trial court decreed that the Holloway affidavit was insufficient to controvert GEICO's factual showing of cancellation. I think he is correct. In *Midfield Park* and *Fleming* neither movant sustained its burden. Here, GEICO did. At least I think it did.

The very purpose of summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a triable issue. But where the moving party's papers are in themselves sufficient, the opposing party's papers at the hearing on the motion must be sufficient to raise a triable issue of material fact. Although he need produce only as much evidential material as is needed to defeat the movant's burden of clearly establishing the nonexistence of any genuine issue of material fact, he must produce enough. If, of course, all his evidence is needed to make such a showing it must all be produced. The evidence considered by the court in determining a motion must all be filed prior to the hearing (unless the court should allow a continuance for the purpose of procuring additional evidence) and good practice would dicate that a person resisting a motion should, whenever possible, make certain that ample opposing evidence is on file, although he may not feel it necessary to disclose his entire case. He should also bear in mind that although a factual issue emerges as to one or more issues so that a summary judgment cannot be rendered upon the whole case or for all the relief asked, the court at the hearing on the motion is under a duty, so far as performance is practicable, to make an order stating what issues are and are not in good faith controverted.

Holloway's statement in his affidavit that "Faye Anna Davis was insured with Government Employees Insurance Compa-

ny, a corporation, under policy 662–41–13–3" is as conclusionary as his allegation to this effect in his pleading; consequently, that portion of the affidavit is insufficient. The only evidence which would controvert the fact of cancellation because of non-payment of premium is the statement that a check in the amount of $124.12 dated November 1, 1973, was sent to GEICO. The notice of cancellation was dated December 13, 1973, some 43 days later. I do not believe Holloway's papers were sufficient to raise a triable issue.

Holloway can prevail on his claim only if he shows that the policy was not cancelled. Once a moving party has shouldered the burden of showing there is no material issue of fact (cancellation in this case), I believe Rule 56(e) and (f) contemplate that the non-moving party, while not required to divulge all his evidence prior to trial, should not be permitted to prevent summary judgment by formally filing an affidavit. The better practice would require the non-moving party to submit sufficient proof to show either that the question of fact (cancellation here) is contested or that he needs additional time to gather his evidence. See Wright and Miller, Federal Practice and Procedure, § 2738, p. 710 (Obligation of Party Opposing Summary Judgment to Present Evidence).

In any event, the movant probably can, on remand, by filing additional proof, ask the trial court again for summary judgment.

I hope this Court will one day adopt the rule announced by Judge, later Justice, Cardozo:

"The very object of a motion for summary judgment is to separate what is formal or pretended in denial or averment from what is genuine and substantial, so that only the latter may subject a suitor to the burden of a trial." [1]

EMBRY, Justice (dissenting):

I respectfully dissent. Paul Holloway, plaintiff below appeals from the following:

"ORDER

"May 30, 1975—Summary judgment rendered in favor of Defendant and against Plaintiff. Counter-affidavit filed by Plaintiff not sufficient under Rule 56(e) ARCP; therefor (sic) court find (sic) from pleadings and affidavit filed by Defendant that there is no genuine issue of fact in this cause and that the Defendant is entitled to judgment as a matter of law."

The appeal was to the Court of Civil Appeals. The amount claimed by plaintiff being in excess of ten thousand dollars ($10,000), the case was transferred to this court.

The sole issue presented for review is the sufficiency of plaintiff's affidavit filed in response to defendant's motion for summary judgment, and its affidavit in support thereof, to set forth "specific facts showing that there is a genuine issue for trial." Rule 56(e) ARCP.

The crucial fact dispositive of the case as a matter of law is whether a policy of liability insurance had been effectively cancelled by the mailing to, and receipt by, the insured of a notice of cancellation. Plaintiff's affidavit failed to controvert facts recited in the affidavit of defendant's employee to the effect that the policy had been cancelled by notice mailed to the insured. There was no error in entry of the order set out above. Although the trial court did not enter a judgment dismissing the plaintiff's action, it is evident the order was a "judgment" within the purview of Rule 58(b) ARCP and therefore appealable.

MERRILL and FAULKNER, JJ., concur.

---

1. *Richard v. Credit Suisse*, 242 N.Y. 346, 350, 152 N.E. 110, 111 (1926).