389 So.2d 129 (1980)
J. D. KELLER
v.
Ronnie KIEDINGER, et al.
78-546.
Supreme Court of Alabama.
August 29, 1980.
Rehearing Denied October 17, 1980.
*130 Ralph E. Coleman, Birmingham, for appellant.
Herbert W. Peterson of Rives, Peterson, Pettus, Conway, Elliott & Small, Birmingham, for appellees.
TORBERT, Chief Justice.
Plaintiff below appeals from the trial court's grant of summary judgment based on facts stipulated by the parties. We affirm.
The stipulated facts are as follows: The defendant, Ronnie Kiedinger, who was eighteen years of age at the time, allowed Denise Keller, who was fourteen years of age at the time, to drive his aunt's car. Ronnie had permitted Denise to drive the car previously, and, on those occasions, she drove without accident or apparent problem. On this day, however, Denise drove across the center line into the wrong lane. She swerved to miss an oncoming car and lost control of the car she was driving, finally overturning into a pond where she drowned.
The complaint alleges that Ronnie Kiedinger's violation of Code 1975, § 32-5-65, was negligence per se, and that his negligence proximately caused the death of Denise *131 Keller. The defendant responds by asserting that the complaint fails to state a cause of action. Additionally, defendant denies the allegations of the complaint and pleads contributory negligence.
As father of the deceased minor, J. D. Keller filed suit pursuant to Code 1975, § 6-5-391. Under the statute, plaintiff's cause is derivative-his right of action depends on the right of the child, if she had survived, to maintain the action. Wolfe v. Isbell, 291 Ala. 327, 280 So.2d 758 (1973). Unless Denise Keller died with a cause of action against Ronnie Kiedinger, J. D. Keller would have no cause of action against Kiedinger.
Defendant contends that our past cases preclude a cause of action for negligent entrustment by an injured bailee. Our attention is directed to cases which appear to hold that a suit for negligent entrustment can be brought only by injured third parties. This Court has stated: "Liability in such cases depends [on] ... injury to a third person resulting proximately from the incompetence of the bailee." Rush v. McDonnell, 214 Ala. 47, 50-51, 106 So. 175, 177 (1925) (emphasis supplied). Other Alabama decisions speak of injury to third persons as an element of negligent entrustment. See, e. g., Redmond v. Self, 265 Ala. 155, 90 So.2d 238 (1956); Spurling v. Fillingim, 244 Ala. 172, 12 So.2d 740 (1943). Those cases, however, came to us as suits by injured third parties against entrustors. We interpret the cases to require proximate personal injury, but we believe the cases speak of injury to third persons only because an injured third person was before the court as a party.
Only one reported Alabama case questions whether a bailee has a cause of action against his entrustor. In McDermott v. Hambright, 286 Ala. 249, 238 So.2d 876 (1970), the bailee's administrator alleged that the defendant entrusted his automobile to decedent knowing him to be "wholly incompetent and unfit to drive." In the opinion the court expressed doubt that the bailee has a cause of action under the theory of negligent entrustment, but we specifically declined to decide the issue. See, Id. at 251, 238 So.2d at 876.
Defendant, in support of his claim that a negligent entrustment cause is for third persons, argues that an action for negligent entrustment requires two acts of negligence-that of the entrustor in supplying the chattel and that of the bailee causing the injury. If this is true, defendant continues, there can be no cause of action for the bailee because, by definition, the cause requires the contributory negligence of the bailee.
We candidly acknowledge some past Alabama cases indicate that negligence on the part of the bailee is necessary in order for the injury to be proximately caused by the act of entrustment. See, e. g., Cooter v. State Farm Fire and Casualty Co., 344 So.2d 496 (Ala. 1977); McDermott v. Hambright, 286 Ala. 249, 238 So.2d 876 (1970); Dean v. Johnston, 281 Ala. 602, 206 So.2d 610 (1968); McGowin v. Howard, 251 Ala. 204, 36 So.2d 323 (1948). A correct statement of the rule, however, requires that the injury be proximately caused by the incompetence of the bailee. See, Rush v. McDonnell, 214 Ala. 51, 106 So. 178 (1925) (on rehearing). The distinction between a bailee's incompetence and his negligent operation of a car is made clear by Justice Somerville:
We are not confusing the liability of the driver of the car, or of his principal, for the negligent operation of the car, with the liability of the owner or custodian of the car for intrusting its operation to an incompetent driver. The two phases of liability are separate and distinct, and in the latter case the liability is not based upon the doctrine or respondeat superior. Yet the injurious conduct of the bailee, resulting from his incompetency as a driver, is a necessary factor to the liability of the owner or custodian, without which the wrongful bailment could not be said to be the proximate cause of the injury. Hence any consideration of the owner's liability must involve also a consideration of the conduct of the bailee and of his legal culpability.
*132 Id. at 51, 106 So. at 178-79 (citation omitted).
An Alabama Law Review commentary further focuses the "incompetent bailee" requirement in negligent entrustment actions:
Negligent entrustment is not a case of combined negligence; the entrustor's liability rests solely on his own negligence. A person who entrusts a motor vehicle to a known incompetent has himself committed a negligent act, and he is liable for all injuries proximately resulting therefrom. The entrustment is negligent because an unreasonable risk of harm is created by placing control of a motor vehicle in the hands of an incompetent driver. Thus the incompetence of the driver and not his negligence should be the test for the proximate cause of the plaintiff's injuries.
Comment, Negligent Entrustment in Alabama, 23 Ala.L.Rev. 733, 750 (1971) (footnotes omitted).
The rule is logical-in some cases the incompetence of the bailee may render him incapable of legal negligence. In other cases, the entrustment may proximately result in injury without negligence on the part of the bailee. See Comment, Negligent Entrustment in Alabama, 23 Ala.L. Rev. 733, 751 (1971) (example). We find, therefore, that negligence on the part of the bailee is not a necessary element of negligent entrustment. Past cases to the contrary are overruled on the point.
It appears, then, the issue of a bailee's right of action for negligent entrustment is an issue not yet decided in this state. The Restatement would extend the entrustor's liability to his bailee:
Chattel for Use by Person Known to be Incompetent
One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.
Restatement (Second) of Torts § 390 (1965) (emphasis supplied). After careful consideration, we are convinced the Restatement proposes the best view, and we adopt § 390 as the law of this state.
Having decided a cause of action lies for a bailee against a negligent entrustor, we turn to plaintiff's contention that Ronnie Kiedinger's entrustment of the automobile to Denise Keller was per se negligent. Plaintiff cites Code 1975, § 32-5-65:
Any owner or person in charge of any motor vehicle who permits any child under the age of 16 years to operate such motor vehicle upon the public highways of this state ... shall be guilty of a misdemeanor ....
Id.
We have in the past set down the requisite proof for a case of negligence per se, see, Fox v. Bartholf, 374 So.2d 294 (Ala. 1979), but we find it unnecessary to apply the doctrine in the case before us.
Without regard to plaintiff's charge that the defendant's act was negligent per se, the stipulated facts show, as a matter of law, Denise Keller was contributorily negligent. Contributory negligence is a defense to a bailee's claim against his bailor for negligent entrustment. We quote a comment to § 390:
The rule stated in this Section sets out the conditions under which a supplier of a chattel is subject to liability. As always this phrase denotes that a supplier is liable if, but only if, his conduct is the legal cause of the bodily harm complained of and if the person suffering the harm is not subject to any defense such as contributory negligence, which will prevent him from recovering damages therefor. One who accepts and uses a chattel knowing that he is incompetent to use it safely or who associates himself in the use of a chattel by one whom he knows to be so incompetent, or one who is himself careless in the use of the chattel after receiving *133 it, is usually in such contributory fault as to bar recovery. If, however, the person to whom the chattel is supplied is one of a class which is legally recognized as so incompetent as to prevent them from being responsible for their actions, the supplier may be liable for harm suffered by him, as when a loaded gun is entrusted to a child of tender years. So too, if the supplier knows that the condition of the person to whom the chattel is supplied is such as to make him incapable of exercising the care which it is reasonable to expect of a normal sober adult, the supplier may be liable for harm sustained by the incompetent although such person deals with it in a way which may render him liable to third persons who are also injured.
Restatement (Second) of Torts § 390, Comment c (1965). According to the comments, contributory negligence will bar the bailee's claim unless the bailee's lack of capacity makes him incapable of contributory negligence, or unless the bailor's entrustment was so reckless as to constitute wanton entrustment. In cases of negligent entrustment, as in any negligence case, the defense of contributory negligence reflects the strong public policy that one should not benefit from his own negligence.
Our cases uniformly hold a child over the age of fourteen years is capable of contributory negligence. See, e. g., Evans v. Buck Creek Cotton Mills, 231 Ala. 75, 163 So. 591 (1935), Beavers v. Southern Railway Company, 212 Ala. 600, 103 So. 887 (1925). Additionally, when a child operates an automobile, he engages in an adult activity, and the public interest requires the minor be held to an adult standard of care. Gunnells v. Dethrage, 366 So.2d 1104 (Ala. 1979). Under our past decisions Denise Keller is capable of contributory negligence, and, absent wanton entrustment, her contributory negligence will bar the claim of negligent entrustment.
Whether Denise was contributorily negligent per se, we do not decide. Negligence, however, may be accomplished without regard to violation of a statute. Irrespective of §§ 32-5-55 (driver required to drive on the right side of highway) and 32-5-64 (persons under sixteen prohibited from driving), a reasonable person does not drive on the wrong side of the road as a car approaches from the opposite direction.
The stipulated facts show Denise was a fourteen-year-old who had satisfactorily driven the car on several previous occasions. Just before the accident, she was driving on the wrong side of the road, making it necessary to dodge an oncoming car. When she dodged the car, she lost control of the car she was driving and was killed.
Although application of the expected standard of care and questions of proximate cause are normally for the jury, at the point reasonable men cannot differ, questions of fact may be decided as matters of law. Baptist Medical Center v. Byars, 289 Ala. 713, 271 So.2d 847 (1972). The record before us is devoid of evidence demonstrating the aggravated, reckless conduct of the defendant which is necessary for the action of wanton entrustment. Further, whether Denise is held to the standard of care of an adult, or whether she is held to the standard expected of a fourteen-year-old, the stipulated facts show as a matter of law her negligence caused her death.
AFFIRMED.
FAULKNER, ALMON and EMBRY, JJ., concur.
BLOODWORTH, J., concurs in the result only.
MADDOX, J., with whom JONES, SHORES and BEATTY, JJ., join, dissents.
BLOODWORTH, Justice (concurring in result only.)
I concur in the result only. I think the raison d'etre for the Chief Justice's opinion is specious. I would continue to hold to the rule I expressed in McDermott v. Hambright, 286 Ala. 249, 238 So.2d 876 (1970), that in order for a bailor to be guilty of negligent entrustment not only must he be guilty of negligence in the entrustment but the bailee must be negligent in the operation *134 of the vehicle. Otherwise, the negligent bailor could be held liable for the acts of a non-negligent bailee-an inconsistent result.
MADDOX, Justice (dissenting).
The majority correctly adopts Restatement (Second) of Torts § 390 (1965), which states that a person who entrusts a chattel to a known incompetent can be liable when the incompetent harms himself, but misconstrues the application of that rule by applying a reasonable person standard to the acts of the known incompetent. Because I think the majority has misconstrued the application of the negligent entrustment rule when a known incompetent harms himself, I shall discuss at length the question of when and under what circumstances a person who entrusts a chattel to an incompetent can be liable when the incompetent harms himself, and I shall also discuss what I think are the available defenses in such an action. I shall conclude by discussing why I think the majority errs by upholding the trial court's granting of summary judgment on the ground that the unlicensed driver, as a matter of law, contributed to her own death.

THE DOCTRINE OF NEGLIGENT ENTRUSTMENT
This is the first case, insofar as I can tell, which seeks to impose liability upon a person who entrusts a chattel to an incompetent when the incompetent harms himself.
This Court has for many years permitted third persons injured as a result of the negligence of an incompetent minor to recover from the party who negligently entrusted the vehicle to the incompetent. Rush v. McDonnell, 214 Ala. 47, 106 So. 175 (1925). The gravamen of the cause of action was stated in Paschall v. Sharp, 215 Ala. 304, 110 So. 387 (1926):
"Any person under 16 years of age is conclusively presumed incompetent to drive an automobile on the public highways of Alabama; and any person who allows such a vehicle to be operated by a person, a minor, under 16 years of age, upon the public highways of this state, unaccompanied by an adult person, is guilty of negligence as a matter of law." (Emphasis added.)
Recovery is permitted on the theory that the statutes were enacted in order to protect the public from those persons whom the legislature has deemed to be incompetent to operate a motor vehicle. McDermott v. Hambright, 286 Ala. 249, 238 So.2d 876 (1970). This Court, in McDermott, by dicta, apparently thought that the negligent entrustment doctrine permitted recovery only by third persons, because the Court there stated:
"Since we conclude that plaintiff's complaint is demurrable on other grounds, we do not decide whether there is a cause of action in Alabama for the death of the bailee himself on a theory of negligent entrustment. However, as defendant points out in brief, the negligent entrustment doctrine does seem to have been limited to injuries to third persons. The reason for this doctrine, as a Texas Court of Civil Appeals indicates in Rodgers v. McFarland, 402 S.W.2d 208, 210 (1966) is:
"`... It is founded in tort-the negligence of the owner in turning the incompetent loose on the public.' [Emphasis added.]"
The McDermott court wrote too much. In the first place, the Texas case (Rodgers), used by this Court in McDermott as authority for the proposition that the incompetent could not sue for harm caused to himself, was not a suit by the incompetent against the owner, but, rather, was a suit by a third person; therefore, the portion of the opinion in Rodgers v. McFarland, which was quoted in McDermott, was dicta. I am pleased that the majority has not followed the dicta in McDermott, but has held that one who supplies a chattel for use by a person known to be incompetent can be held liable for harm which the entrustee causes to himself.
The critical question is: When and under what circumstances should a supplier of a chattel to a known incompetent be held liable for harm suffered by the incompetent himself which is caused by his own act? *135 Restatement (Second) of Torts § 390 (1965), discusses the question and states the rule as follows:
"§ 390. Chattel for Use by Person Known to be Incompetent
One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them." (Emphasis added.)
It is clear that the Restatement does not single out the incompetent and say he must go without a remedy. The majority correctly adopts the same reasoning by adopting the Restatement.
By adopting the Restatement, the Court has adopted a rule which is reasonable, because it leaves to the trier of fact the critical questions regarding liability in such cases. Other courts have left these triable issues to juries. In Greenwood v. Gardner, 189 Kan. 68, 366 P.2d 780 (1961), the Supreme Court of Kansas, in a negligent entrustment case involving the violation of a statute, held that a cause of action was stated, and held that the issue of proximate causation was a jury question. Greenwood involved a ten-year-old child who sued his grandfather for damages he allegedly sustained because his grandfather permitted him to drive an automobile.
The legislature has made the entrustment of an automobile to a person under sixteen a misdemeanor (Code 1975 § 32-5-65) and this Court has stated that "any person under sixteen years of age is conclusively presumed incompetent to drive an automobile...." Rush v. McDonnell, supra. I recognize that Code 1975, § 32-5-64, provides that it is a juvenile offense when a child under sixteen operates a motor vehicle, but does the minor's violation of this statute bar his, or his parents', right to recover for harm occasioned by the entrustment of an automobile to him in violation of Code 1975, § 32-5-65? I think not, and I will discuss this point in this dissent under the section dealing with allowable defenses. Juvenile offenders are treated differently under our laws. A child's lack of capacity to commit the offense would be an available defense to the child in a juvenile proceeding involving the child's violation of the statute. I would conclude that the statutes prohibiting a child under the age of sixteen from driving an automobile and the statute prohibiting another from permitting a child under sixteen to drive were enacted for the protection of the child as well as the public. The crucial issue always is the capacity of the child whether presented in a criminal or civil case. In a negligence suit, capacity is a jury question, regardless of the age of the incompetent.
In resolving the capacity issue, I would point out that the statutory scheme of legislation pertaining to juvenile offenses is that juveniles generally lack the capacity and maturity to appreciate the dangers associated with their conduct; therefore, the legislature has provided a separate scheme of punishment or treatment, whichever is the appropriate term, for the juvenile offender.
It was a jury question whether the person allowing this young child to drive could have reasonably foreseen that she might harm herself. This is especially true here where the defendant is shown to have violated a statute. The injury here was of a type contemplated by the statute. As I have previously stated, the statute is designed not only to protect the public from harm, but also is designed to protect the incompetent driver as well. It naturally follows that one of the harms that the child must be protected from is the child's own personal injury or death which results from his operation of the automobile. An automobile in the hands of a known incompetent can be a "dangerous instrument." [Cf. McGowin v. Howard, 246 Ala. 553, 21 So.2d 683 (1945)]. Unquestionably, the injury to the alleged incompetent in this case was of a type contemplated by the statute. In any event, whether the negligent entrustment of the vehicle to the alleged incompetent *136 child proximately caused the injury is yet to be determined. I would hold that the question of proximate causation is one for the trier of fact.

ALLOWABLE DEFENSES
The majority attaches great significance to the stipulation of facts, and concludes that: "A reasonable person does not drive on the wrong side of the road as a car approaches from the opposite direction." (Emphasis added.) By applying the reasonable person standard to one this Court has stated is conclusively presumed to be incompetent, the majority convinces me that it fails to appreciate the theory of liability in a negligent entrustment case. Admittedly, the plaintiff may have a difficult time convincing the trier of fact that he should recover, but I respectfully suggest that he should have the right to try.
There are defenses to a negligent entrustment action, and I will discuss them, but before I do, let me say that it is patently erroneous for the majority to hold that the stipulation forecloses fact questions on defendant's negligence, the decedent's contributory negligence, and proximate causation.
I will now discuss available defenses. Some available defenses are discussed in the comment to Restatement (Second) of Torts § 390 (1965), as follows:
"c. The rule stated in this Section sets out the conditions under which a supplier of a chattel is subject to liability. As always this phrase denotes that a supplier is liable if, but only if, his conduct is the legal cause of the bodily harm complained of and if the person suffering the harm is not subject to any defense such as contributory negligence, which will prevent him from recovering damages therefor. One who accepts and uses a chattel knowing that he is incompetent to use it safely or who associates himself in the use of a chattel by one whom he knows to be so incompetent, or one who is himself careless in the use of the chattel after receiving it, is usually in such contributory fault as to bar recovery. If, however, the person to whom the chattel is supplied is one of a class which is legally recognized as so incompetent as to prevent them from being responsible for their actions, the supplier may be liable for harm suffered by him, as when a loaded gun is entrusted to a child of tender years. So too, if the supplier knows that the condition of the person to whom the chattel is supplied is such as to make him incapable of exercising the care which it is reasonable to expect of a normal sober adult, the supplier may be liable for harm sustained by the incompetent although such person deals with it in a way which may render him liable to third persons who are also injured.
"ILLUSTRATION:
"7. A, who makes a business of letting out boats for hire, rents his boat to B and C, who are obviously so intoxicated as to make it likely that they well mismanage the boat so as to capsize it or to collide with other boats. B and C by their drunken mismanagement collide with the boat of D, upsetting both boats. B, C, and D are drowned. A is subject to liability to the estates of B, C, and D under the death statute, although the estates of B and C may also be liable for the death of D."
Both parties agree that contributory negligence by the entrustee which proximately contributed to her death would bar recovery. That is not the issue. The issue is whether contributory negligence, as a matter of law, was shown in this case. The majority holds that the stipulated facts show "[i]rrespective of §§ 32-5-55 (driver required to drive on the right side of the highway) and 32-5-64 (persons under sixteen prohibited from driving)" as a matter of law, that the deceased minor child proximately contributed to her own death. I do not think so.
I know that defendant's argument that the violation of a statute by plaintiff's decedent necessarily constituted contributory negligence on the decedent's part is not the law. In McCaleb v. Reed, 225 Ala. 564, 144 So. 28 (1932), this Court held:

*137 "That the violation of a statute or an ordinance shall be such contributory negligence by plaintiff as to prevent a recovery by him for the simple primary negligence of defendant, it must be that the statute or ordinance was enacted for the benefit of the defendant or a class of which he is a member, as distinguished from some other class or the public as a whole (Watts v. Montgomery Traction Co., 175 Ala. 102, 57 So. 471), and that it was a proximate contributory cause of the injury. Cooper v. Agee, 222 Ala. 334, 132 So. 173."
See also 65A C.J.S. Negligence § 127 (1966).
The statute which makes it a juvenile offense for a person under sixteen to operate a motor vehicle was not enacted for the benefit of persons who themselves violate the law by allowing a person under sixteen to operate an automobile.
Having said all of the above, I recognize that under certain circumstances, the supplier of a chattel could plead as a defense the capacity of the person to whom the chattel is supplied. What are those circumstances? In the ordinary case, the supplier of a chattel would have available to him the defense that the child had the capacity of an adult and therefore could be guilty of contributory negligence. Clearly, children can be guilty of contributory negligence. It has been written:
"At common law, the time of infancy is usually regarded as divided into three distinct periods as to which distinct presumptions of capacity or incapacity prevail. Thus, an infant under the age of seven is conclusively presumed to have no capacity to commit a crime. Between the ages of seven and fourteen, or in some jurisdictions twelve, there is a presumption in favor of his incapacity, but such presumption is merely prima facie and rebuttable, and varies in strength with the age of the infant, decreasing in strength as the infant increases in years. On the other hand, after fourteen years of age, he is presumed to be capable of committing crime and of being responsible therefor in the same manner as in the case of an adult, although the presumption is subject to proof as to the real fact.

"These common-law rules are followed in the various states, modified in many, however, by statutes which generally have tended to increase the limit of the age within which the presumptions of incapacity exists." (Emphasis added.) 43 C.J.S. Infants § 204 (1978). See also Berry v. State, 209 Ala. 120, 95 So. 453 (1923).
In this case, however, the chattel supplied was an automobile and the legislature has fixed the age of capacity to operate an automobile at sixteen. Children under sixteen can drive under certain circumstances not relevant to this case. Code 1975, § 32-5-64.
Because the legislature has set the age of capacity of a child to operate an automobile at sixteen, a child under sixteen is presumed to be incompetent to operate an automobile; however, incompetence is not synonymous with negligence; nor is competence synonymous with prudence, for the most competent may be negligent and the incompetent may under the circumstances have been prudent. Dean v. Johnston, 281 Ala. 602, 206 So.2d 610 (1968).
The Restatement comment, above quoted suggests that contributory negligence of the entrustee will not bar recovery "if the supplier knows that the condition of the person to whom the chattel is supplied is such as to make him incapable of exercising the care which it is reasonable to expect of a normal sober adult...." Applying that rule to this case, I say the question is: Did the supplier of the automobile know that the condition of the child was such that the child was incapable of exercising the care which it is reasonable to expect of a normal sixteen-year-old (sixteen being the statutory age of capacity)? Stated differently, if the supplier of the chattel knew that the child did not possess the capacity of a sixteen-year-old, then he cannot plead the child's negligence as a bar to recovery. Stated thus, the rule is similar to that involving the capacity of minors generally to be capable of negligence, except that the *138 legislature has extended the age of capacity in cases involving the operation of an automobile from fourteen to sixteen.

SUMMARY JUDGMENT INAPPROPRIATE
The law in this state is inveterate that motions for summary judgment must be denied if under any conceivable set of provable circumstances the plaintiff may recover under a cognizable theory of law. Harbour v. Colonial Fast Freight Lines, Inc., 336 So.2d 1100 (Ala. 1976). Holloway v. Government Emp. Ins. Co., 295 Ala. 328, 329 So.2d 529 (1976); Horton v. Northeast Alabama Regional Medical Center, Inc., 334 So.2d 885 (Ala. 1976). A motion for summary judgment may be granted only when it is shown that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Slovensky v. Birmingham News Co., Inc., 358 So.2d 474 (Ala.Civ.App. 1978); Fox v. Title Guaranty and Abstract Co. of Mobile, Inc., 337 So.2d 1300 (Ala. 1976); Loveless v. Graddick, 295 Ala. 142, 325 So.2d 137 (1975). The parties submitted the cause on a stipulation of facts; therefore, the question before us is whether the trial court erred in holding that under those facts the defendant was entitled to a judgment as a matter of law. The majority, applying an incorrect legal standard, concludes that summary judgment was appropriate. I disagree.
JONES, SHORES and BEATTY, JJ., concur.